[Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.]

# Tabler, Crudup & Co. *v.* Sheffiield Land, Iron & Coal Co.

*Action on Common Counts, with Special Counts on "Labor-Tickets."*

1. *Assignment of printed "labor-tickets."*—The printed certificates sued on in this case, issued by the defendant corporation, or by its authority, and denominated " labor-tickets," being made payable on their face " to employees only," and declared to be " not transferable," will not support an action by an assignee in his own name.

2. *Same.*—Such restriction on the transfer of the certificates is not contrary to any principle or policy of the law, but negatives the idea that they were intended to circulate as change-bills, and prevents a discount or set-off against the original party from becoming unavailable.

3. *Demurrer to complaint containing common counts, with defective special counts.*—When the complaint contains special counts which are defective, and also the common counts, a demurrer to the entire complaint can not be sustained.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by the appellants, suing as partners, against the Sheffield Land, Iron & Coal Company, a private domestic corporation ; and was commenced on the 25th August, 1884. The complaint contained eight counts, of which the first five were special counts on certain printed certificates, called "labor-tickets," of which the plaintiffs claimed to be the owners by assignment ; the sixth claimed $1,014.10, "due from said defendant by account stated between defendant and plaintiff's transferrees, on the 15th June, 1884, which account is now due and unpaid, and is the property of plaintiff ;" the seventh claimed the further sum of $1,014.10, "due from said defendant for work and labor done for defendant, at its special instance and request, by laborers whose names are unknown to *defendant* (?), during the months of April, May, and June, 1884, which sum, with the interest thereon, is now due and unpaid, and is the property of the plaintiff ;" and the eighth, the further sum of $1,014.10, "money paid by plaintiffs for defendant, on the 15th June, 1884, at defendant's request." The printed certificates, or "labor-tickets," as they are called, on which the special counts were founded, over 1,200 in number, were made "payable June 15, 1884, to employees only," marked "not transferable," and had the letters "E. P. M."

[Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.]

printed across the end of each ; and they were of four classes—
namely, "one day," "half-day," "quarter-day," and "ten cents."
As to these tickets, each of the special counts averred, "that
each of said tickets was given for one day's work" [or a "half-
day," or "quarter-day," as the case might be] "done by labor-
ers for defendant ; that the signature, E. P. M., was made by
E. P. Miller, the agent of said corporation ; that each is a cer-
tificate to the holder that he was entitled to receive from the
defendant one dollar and twenty cents" [or sixty cents, or as
the case might be], "for work and labor done by him for said
defendant, and was issued to the respective laborers by said
defendant, by its agent, E. P. Miller, after said work had been
done, and to be paid on the 15th June, 1884 ; that said work
was done, and said tickets were given, in the year 1884, before
said 15th June ; that each was transferred to plaintiff before
this suit was brought, and is their property, and due and un-
paid ; and they claim the amount thereof, to-wit," &c., with
interest."

.The certificates, one of which was set out in each special
count, were in the following form :

SHEFFIELD LAND, IRON, AND COAL COMPANY.

LABOR TICKET.

ONE DAY.

Payable June 15, 1884, to Employee Only.

NOT TRANSFERABLE.

E. P. M.

An amended complaint was afterwards filed, containing sev-
eral of the common counts in the usual form, and several
special counts on the printed certificates, each of which averred
the issue of said certificates by the defendant corporation, to
persons who had performed work and labor for it, as evidence
of the amount due such persons, "whose names are unknown
to plaintiffs ;" that said certificates constituted a stated account
with each of said persons, and were the property of plaintiffs.

The defendant demurred "to the complaint, original and
amended," assigning the following (with other) grounds of de-
murrer : (1.) "Because plaintiffs do not allege, in any of the
counts of said complaint, the names of the parties by whom said
work and labor was done or performed, or to whom said money
was paid at defendant's request." (3.) "Because the tickets,
or statements, set out in the complaint, show on their face they
were not transferable, and were payable to employees only ;

and plaintiffs do not allege they were the employees."
(4.) "Because the evidence of said labor or work done, as shown
by said tickets set out in the complaint, were not negotiable,
and were payable to employees only, and were not signed by
any one purporting to be the agent of the defendant."
(5.) "Said tickets are not contracts, express or implied, for the
payment of money ; and an action on them can only be insti-
tuted by the party having the legal title." (6.) "Said tickets,
upon which each count in the complaint is founded, are on
their face payable to employees only, and are not transferable
to any other person or persons, whereby any right, title or in-
terest whatever could be, or was vested in the holder or trans-
ferree thereof." The court sustained the demurrer, on each of
these grounds, and, the plaintiffs declining to amend, rendered
judgment "that this suit be dismissed, and defendant go
hence."

The judgment on the demurrer, and the judgment dismiss-
ing the suit, are now assigned as error.

JAMES JACKSON, for the appellant.

EMMET O'NEAL, contra.

SOMERVILLE, J.—The action is brought by the appel-
lants, as plaintiffs in the court below, against the appellee, a
body corporate, to recover a certain amount alleged to be due
them as transferrees of a large number of labor-tickets, or time-
checks, issued by authority of the defendant. These instru-
ments are printed, and are denominated, on their face, each, as
being a "labor-ticket." The name of the defendant company—
the "Sheffield Land, Iron and Coal Company"—appears at the
top, and not as a subscribed signature. On the right margin,
and across the face of the paper, the initials "E. P. M." occur,
which are alleged to have been signed by one E. P. Miller, the
agent of the defendant. The words "one day," etc., occur,
without specifying any particular sum due for such time or
service, except in case of a few tickets, which call for small
amounts. All of these tickets are payable June 15, 1884, "to
employees *only;*" and are indorsed *"not transferable."* No
averment is made in the complaint, that they were issued as
change-bills, and were intended to circulate as money, in con-
travention of the statute. The common counts are added, and
the averment is made, that the transferrees are unknown by
name to the plaintiffs.

The Circuit Court, on demurrer to the complaint, held that
the action would not lie ; and on refusal of plaintiffs to amend,
the suit was dismissed.

We are of opinion, that this ruling was free from error. The certificates show, on their face, that they are payable to the employees only, and to no one else. They are expressly declared not to be transferable, which negatives any promise of defendant, otherwise implied, that payment would be made to any assignee or transferree of the holders. They were issued with this express understanding, which was assented to by the employees, when they received them; and the plaintiffs took the instruments with full notice of this restriction, because it appeared on the face of the paper. The transferability of the paper was thus destroyed, by the consent of the original parties to it.—*Durr v. The State*, 59 Ala. 24.

It can not be said, that the policy of the law is opposed to the restriction thus imposed. On the contrary, under the peculiar circumstances of this case, it highly favors such restriction. At common law, *choses in action* were not transferable, their transfer being enforced only in equity. This ancient rule has been abrogated only by the necessities of modern commerce. But there is a certain kind of paper, passing under the name of "change-bills," which are prohibited by statute to be issued in this State, without special authority of law. They include bills of exchange, notes, bonds, or "instruments of any description, whatever may be their form or device," which are issued with intent to circulate as money. Corporations, or other persons, who issue or circulate such paper, without authority of law, are liable to indictment, and to a heavy civil penalty of interest at fifty per cent. *per annum.*—Code 1876, §§ 4433–34, 1424–26. It was very important for defendant that its officers should not be liable to this penalty or punishment. If the certificates in question were permitted to pass from hand to hand by transfer, it might be strong evidence of an intention on the part of the maker that they should circulate as money, and answer all its purposes in the business of the company, or even in the neighborhood of its residence. A proper mode of rebutting the existence of such intention was to make the paper non-transferable. There might be circumstances under which this mode of restriction would afford the only protection practicable to the maker, short of perpetual litigation rendered unendurable by the multiplicity of suits which could be instituted on such a form of paper.—*Barnett v. The State*, 54 Ala. 579; *Bliss v. Anderson*, 31 Ala. 612.

There is yet another reason, why the policy of the law would favor a contract by the employee that the promise should not be transferable, but should enure to his benefit only. There may have been discounts, by way of set-off in favor of defendant, against some of the employees, which could be available only so long as the names of these particular promisees were

[Hardin v. Pulley.]

known. The paper, not being negotiable, would be subject to this equity. If allowed to pass to a stranger, it might often be impracticable to ascertain who was the original holder, and the right would thus be lost. Such certificates, or tickets, moreover, are often placed in the hands of employees as a convenient mode of making advances to them for their services, especially when payable in merchandise, as they frequently are. As the law should encourage humanity to the needy, so it should favor any contract intended to prevent a transfer of paper which would operate as a fraud on any benevolent intentions of the maker.

The assignments of demurrer were well taken to all except the common counts. The latter counts were in the form prescribed by the Code, and the court erred in not holding them good.

Reversed and remanded.

CLOPTON, J. not sitting.