# Stanley & Co. *v.* Sheffield Land, Iron & Coal Company.

*Action on Common Counts.*

1. *When recovery may be had on common counts.*—To authorize a recovery under the common counts, by the holder of non-assignable labor-tickets issued by the defendant corporation to persons in its employment, which were taken from them by plaintiff in payment for goods sold and delivered, it must be shown that this was done by the request of the corporation, or with its acquiescence, acting through some officer or agent having the requisite authority.

2. *Authority of agent of corporation.*—An agent in the employment of a private corporation, having charge of its commissary stores and supplies, with authority to hire and pay workmen in grading streets, having sold out its stock of goods to plaintiff, with whom he was negotiating for an interest as a partner, would not be authorized, by virtue of such agency, to stipulate with plaintiff that, if he would buy the goods, and continue to sell them at the same place, he might receive the company's labor-tickets in payment, and that the company would redeem them; and it not being shown that the company assented to this arrangement, or had knowledge of it, no liability was thereby created against it.

3. *Testimony of party, as to transactions with deceased agent.*—One of the plaintiffs, testifying to his own acts as agent while in the employment of the defendant corporation, can not be allowed to state that he acted under the instructions of the president of the corporation, since deceased, as that officer was acting in a fiduciary capacity for the corporation, and the case therefore comes within the provisions of the statute (Code, § 3058).

4. *Evidence as to other contracts or transactions.*—The fact that plaintiff, while acting as agent of the defendant corporation, made a contract with a third person, similar to the contract sought to be enforced in favor of his partnership against the corporation, and alleged to have been made by him while acting as agent of the corporation, would not be relevant or admissible as evidence to show that he had authority to make that particular contract, or that the corporation was bound by it.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Andrew S. Stanley and Ed-

[Stanley & Co. v. Sheffield Land, Iron & Coal Co.]

ward P. Miller, suing as partners under the firm name of A. S. Stanley & Co., against the Sheffield Land, Iron and Coal Company, a private corporation; and was commenced on the 21st July, 1884. The complaint contained only the common counts,—on an account, on an account stated, for money loaned, for money paid and expended, for work and labor done, and for goods sold and delivered; though there seems to have been a special count also, to which a demurrer was sustained, and which is not set out in the record. The plaintiffs sought to recover the amount due by numerous "labor-tickets" issued by the defendant corporation to persons in its employment, which the plaintiffs had received from those persons in payment for goods sold and delivered, or the value of the goods so sold and delivered; and they attempted to show that the tickets were taken by them under agreement with the corporation that, if taken in payment for goods sold and delivered, the corporation would redeem them in money. This agreement was made, as the plaintiffs' evidence tended to show, between said A. S. Stanley and E. P. Miller, while the latter was in the employment of the defendant corporation, and was negotiating with Stanley for the sale to him of the goods and commissary supplies which the corporation had on hand, and which they had been selling to persons in their employment in payment or satisfaction of said "labor-tickets." The "labor-tickets" were on their face non-assignable, and in the form shown by report in the case of *Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.,* 79 Ala. 377. The court excluded all of the plaintiffs' evidence as offered, whereby they were compelled to take a nonsuit; and these rulings, being duly excepted to, are now assigned as error.

J. T. KIRK, for appellants.

EMMET O'NEAL, *contra.*

SOMERVILLE, J.—If the action were brought by the plaintiffs, as transferrees of the "labor-tickets" described in the bill of exceptions, it is clear that, under the authority of *Tabler v. Sheffield Land, Iron & Coal Company,* 79 Ala. 377, no recovery on them could be sustained. The count based on this phase of the case was abandoned, however, in the court below, by being stricken from the complaint, and the present action is on the common counts.

The suit can be sustained only on the theory, that the amount paid by the plaintiffs to the holders of these "labor-tickets" was paid to them by the request, or acquiescence of the defendant corporation, acting through some officer or agent possessing such authority. Much evidence was offered with the view of proving this fact, but all of it was excluded as inadmissible, on the ground that it did not tend to prove this disputed fact, the *onus* of which was on the plaintiffs.

The witness Miller, himself one of the plaintiffs in this action, testifies that, before he became interested as a member of the firm, he was in the employment of the defendant company as commissary, having authority to hire and pay laborers for grading the streets of Sheffield; and that he made an arrangement with the plaintiff, Stanley, by which it was agreed that, if he would purchase the company's commissary supplies, and sell goods there, he could take these tickets by paying merchandise for them; that the company would redeem them, and that the trade was made on the basis of this agreement. It appears that, at the time this agreement was made, the witness was negotiating to become a partner with Stanley in business. It is not shown that the company knew that this stipulation entered into the trade as a term, or condition of it, nor was any fact in evidence which tended to show any authority on Miller's part to make such a contract. His employment certainly did not carry with it the incidental authority to borrow money, or obtain a loan in this manner from the plaintiffs, especially in view of the contracting agent's contingent interest in the business.

The testimony of the same witness, to the effect that he was acting under the instructions of Gordon, the president of the company, who, at the time of the trial, was shown to be *deceased*, was properly excluded by the court, for two reasons: *First*, Gordon was, at the time of this transaction, acting in a fiduciary relation to the defendant, against whom this evidence is sought to be introduced; and the plaintiff, being both a party and interested, was incompetent, under the statute, to testify to such fact.—Code of 1886, § 2765; *Warten v. Strane*, 82 Ala. 311. *Second*, there is no evidence tending to show that Gordon had the authority from the company, either expressly or impliedly, to give the instructions in question. The mere fact of being president of the company would imply no such authority, either in itself, or in connection with other evidence offered.

It was equally unavailing for Miller to show that, in mak-

[Simms v. Greer.]

ing this agreement, he had the assent of one Beck, who was employed as civil engineer by the defendant company on their works at Sheffield; or of Adair, who was a stockholder and director of the company; or of McCracken, who was on a committee appointed to make necessary arrangements for the sale of lots in Sheffield held in May, 1884. There is nothing to show that these employees had any more authority in this matter than the witness Miller himself; and possessing none themselves, they could confer none, admitting that the agency was one of a nature capable of being delegated.

It is further assigned for error, that the court refused to allow the plaintiff to prove that, on a former occasion, it had been arranged between the defendant company and another firm, through the agency of the same witness, Miller, that they should take up these labor-tickets, and that the company would redeem them on their regular pay-day. A special authority of this nature, to make a particular, or single contract, is, standing alone, no ground for inferring an implied authority to make other contracts generally, of the same kind, with other persons not specified by the principal. It is not any where intimated that this single exercise of agency was known to the plaintiffs, so that it was possible for their conduct to have been influenced or induced by it. And it certainly does not tend to prove such a habit and course of dealing between principal and agent, as is ordinarily permitted to justify an inference of like authority in other cases. 1 Greenl. Ev. (14th Ed.), § 65.

We are of opinion that all the evidence excluded by the court was either irrelevant, or incompetent to show any authorized agency on the part of Miller, express or implied, to bind the defendant corporation by the contract which he is shown to have made with the plaintiffs.

The judgment is, accordingly, affirmed.