(5 Misc. Rep. 234.)

### FORTUNATO v. PATTEN et al.

(Common Pleas of New York City and County, General Term. October 2, 1893.)

ASSIGNMENTS—PRIORITY OF ASSIGNEES—NOTICE TO DEBTOR.

> Although notice to the debtor of an assignment of a chose in action is not essential to the validity of the assignment, and the dates of assignments of the same chose in action determine the order of their priority, yet when the contract in which the debt originates provides that the creditor shall not assign any of the moneys payable to him without the previous consent in writing of the debtor, and that no assignee shall acquire any right to the moneys unless the debtor has so consented, the provisions of the contract supersede the rules of law, and an assignment made with the consent of the debtor takes priority over a previous assignment made without the consent.

Appeal from judgment on report of referee.

Action by Maicho Fortunato against Thomas Patten, the Twelfth Ward Bank of the city of New York, the mayor, aldermen, and commonalty of the city of New York, John F. Dawson, and others, to have certain liens and claims against moneys payable to the defendant Dawson under a contract with the city for regulating a street, and the order of their priority, determined. The referee found that the claim or lien of the defendant the Twelfth Ward

Bank was entitled to priority over the claim or lien of the defendant Patten. The defendant Patten appeals from this portion of the judgment. Affirmed.

For former report, see 21 N. Y. Supp. 963.

Argued before BISCHOFF and PRYOR, JJ.

Deyo, Duer & Bauerdorf, (Robert E. Deyo, of counsel,) for appellant Patten.

Charles W. Dayton, (John R. Abney, of counsel,) for respondent Twelfth Ward Bank.

BISCHOFF, J. We are asked on this appeal to determine whether, upon the facts found, the referee was justified in his conclusion that the claim of the defendant the Twelfth Ward Bank is entitled to priority in the order of payment over that of defendant Patten. The question is of gravity to the litigants, since it is apparent that the fund out of which the payments must be paid is inadequate to pay both claims in full. On October 8, 1886, the defendant John F. Dawson entered into a contract with the mayor, aldermen, and commonalty of the city of New York, whereby, in and for the consideration of the payments to be made to him as therein provided, he undertook to regulate and grade a certain street known as "Edgecomb Avenue." Dawson, among other things, covenanted that the city should be privileged to retain out of the moneys agreed to be paid him sufficient to meet any liens which might be claimed for labor and materials pursuant to the provisions of chapter 315, Laws 1878, entitled "An act to secure the payment of laborers, mechanics, merchants, traders, and persons furnishing materials towards the performance of any public work in the cities of the state of New York," as well as to reimburse itself for any damages which should accrue to it from the contractor's negligence; that he would not assign any of the moneys payable to him, except with the previous written consent of the commissioner of public works, to be indorsed on the contract; and that no right under the contract, nor to any of the moneys payable by reason of its provisions, should be asserted by any assignee of the contractor whose assignment was not authorized by the commissioner in the manner above stated. Subsequent to the several assignments hereinafter mentioned, the work required of Dawson was completely performed by him, and accepted by the city, and at the time of the trial of this action there was due the former from the latter $57,179.55. On April 11, 1887, Dawson, by an instrument in writing, assigned all his rights and interests under the contract to defendant Patten as collateral security for the payment of an indebtedness of $5,000, and interest. This assignment was, however, without the approval of the commissioner of public works. On March 1, 1889, Dawson, to pay the same indebtedness, executed and delivered a further assignment to Patten of $5,000, and interest thereon from the time specified, "out of the first moneys due or to grow due in and by virtue of the contract" with the city hereinbefore mentioned. The assignment last referred to was approved

by the commissioner of public works, and filed with the comptroller of the city of New York March 5, 1889. On March 13, 1889, Patten, in writing, consented to payments to Dawson of all moneys except 30 per cent. thereof, which the city had reserved to await the completion of the contract. On December 13, 1887, after Dawson's first, but before his second, assignment to Patten, the former, in writing, further assigned to the defendant the Twelfth Ward Bank "all moneys due or to grow due in and by virtue of" his contract with the city, as security for moneys advanced and to be advanced to him by the bank, thereby also appointing the bank his attorney to collect the moneys assigned. This assignment was approved by the commissioner, and filed with the comptroller on the day of its date. Dawson's aggregate indebtedness to the bank at the time of the commencement of this action was $29,453.35, exclusive of interest, of which only $18,889.10 had accrued on March 5, 1889, the time of Dawson's second assignment to Patten and its approval by the commissioner and filing with the comptroller. At the time of its several advances or loans to Dawson, the bank was ignorant of any assignment to Patten, and it does not appear that the latter at any time caused notice of either of the assignments to him to be given to the bank. No question arises concerning the accuracy of the amounts, or the justice of the respective claims of Patten and the bank against Dawson, and, upon the facts narrated, the referee adjudged the bank to be entitled to preference in the order of payment as against Patten out of the balance due Dawson from the city, and remaining after the payment of certain liens, the priority of which was not disputed.

It is the settled law of this state, as appellant's counsel contends, and whatever the rule may be in other jurisdictions, that notice to the debtor or custodian of an assignment of a chose in action or fund is not essential to the validity of the assignment, and that, as between successive assignees of the same chose in action or fund, the order of priority in payment must be determined by the order of time in which the several assignments were made. Muir v. Schenck, 3 Hill, 228; Bush v. Lathrop, 22 N. Y. 535; Williams v. Ingersoll, 89 N. Y. 508; Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. Rep. 870; Id., 117 N. Y. 320, 22 N. E. Rep. 1039; Beach, Mod. Eq. Jur. §§ 343, 344. But we are, notwithstanding, of the opinion that respondent's claim to priority in payment as against appellant is clear and incontrovertible. Being immediately concerned and interested in the performance of the contract on Dawson's part, it was competent to the city to exact restrictions upon the assignability of the former's rights under the contract pending performance, and before his right to demand payment of the moneys agreed to be paid had become absolute. The restrictions contravened no rule of law or of public policy. Greenh. Pub. Pol. p. 500. Hence the law governing the contract is in accord with its provisions. "Modus et conventio vincunt legem." Broom, Leg. Max. p. 689. The assignability of Dawson's rights must be measured, therefore, by the

terms of the contract out of which those rights are alleged to have accrued, (Kneetle v. Newcomb, 22 N. Y. 249, 252; Andrews v. Callender, 13 Pick. 491; Kahle v. Sneed, 59 Pa. St. 389; Railway Co. v. Eubanks, 48 Ark. 467, 3 S. W. Rep. 808;) and an assignment made in violation of a covenant not to assign, when the latter is not inoperative, because contrary to law or public policy, is ineffectual, as well in law as in equity, (Zabriskie, Ch., in Grigg v. Landis, 19 N. J. Eq. 350.) Dawson's right to assign was a qualified one, to be operative only with the previous written consent indorsed by the commissioner of public works on the contract. His assignment to Patten on April 11, 1887, without such approval, therefore never took effect, at least not until his right to the moneys payable under the contract with the city became absolute by performance of the contract on his part. Before that time, Dawson assigned the moneys yet to accrue to the Twelfth Ward Bank, by an instrument effectual for that purpose, according to the requirements of the contract. The assignment to the bank, therefore, was the first, and prior to any assignment to Patten, and, under the rule hereinbefore stated, entitled the bank to priority in payment without notice to Patten. Nor can that portion of the bank's claim against Dawson which represents the advances made to him subsequent to the latter's assignment of March 1, 1889, to Patten, be subjected to the priority of Patten's claim, in the absence of actual notice on the bank's part of the fact of the assignment to Patten when it made the advances. Ackerman v. Hunsicker, 85 N. Y. 43. The judgment should be affirmed, with costs.

PRYOR, J., (concurring.) It was perfectly competent to Dawson and the city to restrict the assignability of any claim of the former against the latter arising under their contract, and then "modus et conventio vincunt legem." Broom, Leg. Max. 689. By their contract it was expressly stipulated that Dawson could assign no claim thereunder without the express authorization of the commissioner of public works. Dawson's right, therefore, under the contract, was not absolute, but was qualified and limited by the restriction in his agreement. Without consent of the commissioner of public works, he had no assignable right; and that consent he did not obtain until March 1, 1889. But, meanwhile, namely, December 13, 1887, with the consent of the commissioner, Dawson duly and effectually assigned to the respondent all the money due or to grow due under or by virtue of said contract. An assignee succeeds only to the right of his assignor. I am of the opinion that the respondent's claim to the fund in dispute is clear and incontrovertible.