OLOF ZETTERLUND ET AL., APPELLEES, V. TEXAS LAND & CATTLE COMPANY ET AL., APPELLANTS.

FILED JUNE 9, 1898.  No. 8172.

Contract: VIOLATION OF PROVISION FORBIDDING AN ASSIGNMENT: ACCOUNTING: ASSIGNEE. A written contract which, by its terms, requires certain services to be rendered personally by one of the parties thereto and forbids a transfer by said party of his interest and liabilities to a third party cannot, in the face of such inhibitions, be transferred by assignment to a third party so as to vest in such assignee, solely as such, a right, in equity, to an

accounting for the value of services rendered by the said assignee, though such services are of the same general character as those required by the terms of the contract assigned.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Reversed.*

*Congdon & Parish, Estabrook & Davis, McCabe, Wood, Newman & Elmer,* and *W. D. McHugh,* for appellants.

*Bartlett, Baldrige & De Bord, Chrytraus & Deneen, George Swartz,* and *Kennedy, Gilbert & Anderson, contra.*

RYAN, C.

On September 5, 1892, the Texas Land & Cattle Company, a corporation, as party of the first part, entered into a written agreement with Victor Rylander and August Jernberg, as partners composing the firm of Jernberg & Rylander, parties of the second part. By the terms of the contract the parties of second part undertook for the first party to sell a large amount of real property known as the K. O. Ranch, situate in the state of Texas, on certain fixed terms and for agreed rates of compensation. In this agreement there was the following provision: "It is also understood and agreed that this contract is not assignable or transferable by the parties of the second part, and any one accepting such assignment or transfer shall receive no rights or equities under the contract by reason of such transfer and assignment, and said party of the first part shall, at its option, be relieved of its obligations hereunder." On February 20, 1893, the above named August Jernberg and Victor Rylander, as a partnership firm and as party of the first part, entered into a written contract with Ernest Bihl, Olof Zetterlund, Jonas Adling, and Adolph Osterholm, representing the Southern Land Company, a partnership firm, as parties of the second part, by the terms of which the second parties assumed all outstanding obligations to agents connected with the K. O. Ranch, and all expenses incurred or to be incurred in the handling of the K. O.

Ranch, and agreed to meet all requirements of the con-
tract between the Texas Land & Cattle Company and
Jernberg & Rylander, and, in consideration of the above
assumption of said firm's liabilities and of the receipt
of one dollar, said firm gave to the parties of the sec-
ond part the exclusive handling and charge of all the
lands in said K. O. Ranch and all said firm's right,
title, and interest in and to the same.  Under this ar-
rangement the Southern Land Company transacted the
business above undertaken by them until June 15, 1893,
when the Texas Land & Cattle Company, as it claimed
pursuant to its right reserved so to do, notified Jern-
berg & Rylander and the individual members of the
Southern Land Company that the contract originally
entered into for the sale of the K. O. Ranch was can-
celed.  Until June 10, 1893, or thereabouts, it was not
known to the Texas Land & Cattle Company that there
had been an attempted assignment of the contract to
which it was a party for the sale of the lands compos-
ing the K. O. Ranch.  On December 7, 1894, the individu-
als composing the firm known as the Southern Land
Company began their action in the district court of Doug-
las county to obtain an accounting with the Texas Land
& Cattle Company of the amounts due said plaintiffs by
reason of their services rendered in the sale of lands com-
posing part of the K. O. Ranch.  In this action there
were joined as defendants with the Texas Land & Cattle
Company certain judgment creditors of August Jernberg
and Victor Rylander, in favor of whom there were in
existence orders in garnishment requiring the Texas
Land & Cattle Company to pay into court certain
amounts due and to become due as commissions for
the sale of lands of the K. O. Ranch under the terms of
the contract entered into by the Texas Land & Cattle
Company.  One Carl E. Elving, by his petition of inter-
vention, alleged similar facts and asked for like relief to
that prayed by the members of the Southern Land Com-
pany.  No separate review of this branch of the case

need therefore be undertaken. The services for which compensation was sought to be obtained were partly rendered as agents of Jernberg & Rylander before the assignment by the firm of its interest in the contract with the Texas Land & Cattle Company, and partly afterward. It is unnecessary to consider those rendered before said assignment, further than to say that the claimants were employed as agents of Jernberg & Rylander and as such earned whatever compensation they were entitled to receive. By the contract for the sale of the lands constituting the K. O. Ranch, Jernberg & Rylander agreed to bear all the expenses necessary to make the required sales, and to that firm alone are these parties entitled to look, for the assignment did not purport to assign amounts already earned by Jernberg & Rylander, and there was no equitable principle by virtue of which these amounts might be reached. (*Union P. R. Co. v. Douglas County Bank*, 42 Neb. 479.)

The district court found specially as follows:

"15. That by the terms of said assignment it is sought to assign the contract; that in so far as such assignment attempts thus to assign the contract it is void.

"16. That upon sufficient consideration said assignment transfers to the plaintiffs, as members of the Southern Land Company, the moneys arising as commissions earned by Jernberg & Rylander under their contract with the Texas Land & Cattle Company, and that in so far as said assignment seeks to assign said moneys it should be upheld to the interest of the plaintiff therein."

On the theory that the prohibited assignment was a valid transfer of moneys already earned by Jernberg & Rylander the district court required the Texas Land & Cattle Company to account to the Southern Land Company's individual members for such amounts as had already, or afterwards should, become due to Jernberg & Rylander as commissions on deferred payments upon sales of land already made by that firm, and required that the amounts of these commissions as they fell due

should be paid to the members of the said Southern Land
Company. It will prevent misapprehension, though it
may produce some confusion, to note at this point that
not the whole of such amounts of commissions was re-
quired to be paid to plaintiffs and the intervener, for
thirty-two per cent of the interest of the Southern Land
Company was found, on the trial, to be held by Ernest
Bihl in secret trust for Jernberg & Rylander. By this
decree of the district court the orders in garnishment
entered in other independent cases in favor, respectively,
of the Dime Savings Bank of Chicago and of Basil M.
Webster were modified so as to permit of present pay-
ments to said judgment creditors of but the above men-
tioned thirty-two per cent of commissions as they should
be paid in. The other sixty-eight per cent of commis-
sions was appropriated to the payment of plaintiffs, the
members of the Southern Land Company, and to Carl
E. Elving, the intervener, before the judgment creditors
were entitled to anything. This was, in effect, the crea-
tion of an equitable subrogation of said plaintiffs and
said intervener to the rights of Jernberg & Rylander
by virtue of the assignment, by said firm of its interest
in the contract, in which there was an inhibition of
such an assignment, coupled with a provision that any
one receiving such forbidden assignment thereby should
obtain no rights or equities thereunder. We are of the
opinion that the district court was right in its fifteenth
finding, that the transfer of the contract was void, for
it was an attempt to substitute for Jernberg & Rylander
other parties in the performance of services which the
parties had a right to stipulate, and in fact did stipulate,
should be performed by said Jernberg & Rylander.
While such an assignment might render Jernberg &
Rylander liable to their assignees it would not affect the
Texas Land & Cattle Company without its assent thereto.
(*Burck v. Taylor*, 152 U. S. 634; *Delaware County Com-
missioners v. Diebold Safe & Lock Co.*, 133 U. S. 473; *Ar-
kansas Valley Smelting Co. v. Belden Mining Co.*, 127 U. S.

379; *Grigg v. Landis,* 19 N. J. Eq. 350; *Sloan v. Williams,* 138 Ill. 43; *Fartunato v. Patten,* 25 N. Y. Supp. 333; *City of Omaha v. Standard Oil Co.,* 55 Neb. 337.)

It is, however, insisted by appellees that the services rendered by them were rendered with the knowledge of the Texas Land & Cattle Company, and notwithstanding its ignorance of the assignment that company equitably should be required to account as it was required by the district court. To this we quote as quite apposite the language of COBB, C. J., in *Gould v. Kendall,* 15 Neb. 549: "It may be claimed that the defendants having done business in the name of the plaintiffs, are estopped to deny the interest of the plaintiffs in that business. That would probably be so could the plaintiffs' case ever reach the point at which the defendants are required to develop their defense, but the difficulty is in the inherent weakness of the plaintiffs' case. They cannot reach the enemies' works except through the contract, which, by reason of its illegality, is 'no thoroughfare' for them."

The judgment of the district court is reversed and this action is dismissed.

REVERSED AND DISMISSED.