# Kanjutsky *v.* Tennessee C. I. & R. R. Co.

*Assumpsit.*

(Decided Feb. 6, 1908.   45 South. 676.)

1. *Assumpsit; Action of; Grounds of Recovery; Pleadings; Sufficiency.*—A complaint which alleges that plaintiff was the transferee of certain non-transferrable checks, issued by an employer to its employes, good for merchandise at employer's store; that plaintiff for valuable consideration purchased the checks, presented them at the store of employer and demanded merchandise; that the employer refused to deliver merchandise on the checks and refused to redeem them on demand; that the checks were issued to employes who sold them; that it was the custom of the employer to honor checks when presented by the holder thereof, whether the holder was the person to whom they were issued or not, and which demands judgment for the amount of the check, is insufficient and subject to demurrer.

2. *Same; Recovery on Common Counts.*—To authorize a transferree of non-transferrable checks to recover thereon under the common counts it must be shown that such transferree bought the checks at the instance or request of the person issuing them, or that the person issuing them subsequently ratified the act of another person who requested the transferree to buy the check, and it is not sufficient that such transferee had previously bought checks which were honored by the concern issuing them.

3. *Same.*—A purchaser of non-transferable checks who acquires them from one who had bought the checks at the request of the concern issuing them cannot recover on the common counts against the person issuing them.

4. *Estoppel of Liability; Statement of Ground.*—An employer issuing non transferrable checks to its employees good for merchandise at its store is not estopped to deny the right of a transferree to recover on the check because the only reason given for declining to honor them was that some check had been stolen, notwithstanding there was no proof that the checks presented by the transferree had been stolen.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by A. Kanjutzky against the Tennessee Coal, Iron & Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint is in the following language: (1) The common counts, all of them. (2) "Plaintiff claims of

the defendant $500, due from it, for that heretofore, and prior to the 12th day of August, 1903, defendant issued checks purporting on their face to be worth in merchandise at the store of defendant $500, which said checks plaintiff by and through her agents for a valuable consideration purchased, and presented the same at store of defendant for merchandise, and demanded of defendant merchandise on the same, notwithstanding which defendant failed and refused to deliver plaintiff merchandise on said checks, and failed and refused to redeem such checks on demand." (3) Claims under all the common counts the sum of $350. Issue was joined as to the first and third counts, and demurrers were interposed to the second count as follows: "It does not appear from the averment of said count that the defendant made any agreement with plaintiff, or made any agreement with anyone else which was lawfully transferred to plaintiff, to deliver merchandise on said checks. (2) It does not appear from the averments of said count that the checks stated to have been issued by the defendant were issued for a valuable consideration paid to it by the plaintiff or by any one else." These demurrers being sustained, the plaintiff amended the second count as follows: "Plaintiff claims of the defendant $500, due from it, for that heretofore, and prior to the 12th day of August, 1903, defendants issued checks purporting on their face to be worth in merchandise at the store of defendant $500, which checks or instruments, except for change in names of persons to whom issued, amounts, dates, and numbers, were all in the following form, towit: '$3.00. Good only at the store of the Tennessee Coal, Iron & Railroad Company, Ensley Division, and is not transferable. Good only for coupons not detached. No. 3,410. Issued to A. Sims. Z. E. Fraser, Check Clerk'—to which instrument there are attached six coupons in the form

following: "Not Transferable. Good for 50c in merchandise if not detached. Tenn. C., I. & R. R. Co.'—which said checks plaintiff by and through her agents for a valuable consideration purchased, and presented the same at the store of defendant for merchandise, and demanded of defendant merchandise on the same, notwithstanding which defendant failed and refused to deliver the merchandise to the plaintiff on said checks, and failed and refused to redeem said checks on demand. Plaintiff avers that said checks were issued to various employes by defendant, who sold said checks, and that it was the custom of defendant to honor said checks when presented by the holder thereof, whether said holder was the person to whom same were issued or not."

Plaintiff then, by leave of the court, added the following counts: "(4) Plaintiff claims of the defendant $500, due by certain instruments in writing made and issued by defendant, which instruments, with coupons attached, except for change in name of person to whom issued, amounts, dates, and numbers, were all in the form hereinbefore set out in count 2 as amended, to which count reference is hereby made for the form of said instrument, and which instruments were issued by defendant with the intent to circulate as money without authority of law, which said checks are held by and are the property of plaintiff, together with interest thereon from August 12, 1903, the date plaintiff became the purchaser and holder thereof, at the rate of 50 per cent per annum. (5) Plaintiff claims of defendant $500, with interest at the rate of 8 per cent per anuum from, towit, August, 1903, under the following facts: Prior to said date defendant was engaged in selling merchandise at a certain commissary at Ensley, and had in its employment many servants, to whom and in payment of whom defendant made and issued instruments in writing good.

for merchandise at said commissary, which instruments, with coupons attached, except for change in names of persons to whom issued, amounts, dates, and numbers, were all in the form set out in count 2 as amended hereinbefore, to which form reference is hereby made as fully as if set out herein. Plaintiff avers that prior to said date it was the habit and custom of many employes to whom said checks were issued to sell said checks to persons at a discount, and that it was the custom and habit of defendant, acting by and through its duly authorized servants, who had charge and management of said commissary business in selling said merchandise to said persons in payment and exchange for merchandise purchased at defendant's commissary store; and plaintiff further avers that by and through her agent she had prior to said time purchased merchandise at said store, giving in payment therefor checks purchased by her from defendant's employes, and without further notice that said checks would not be honored, she on, towit, August, 1903, for $300 purchased a large number of checks of like form with those set out in count 2 as amended hereinbefore, to which reference is hereby made for said form, amounting to $500, and which defendant has failed and refused to honor, either by receiving in exchange for merchandise or otherwise."

The defendants interposed to the second count as amended the demurrers interposed to the second count before amendment, and the following additional grounds: "(A) The instruments on their face show they are non-transferable and the facts alleged do not give the plaintiff the right to sue thereon. (B) It is not shown that said checks have been indorsed or transferred in writing to the plaintiff by the original holder thereof in such manner as entitles plaintiff to sue. (C) It is not alleged that plaintiff purchased said checks from

the original holders, either directly or by mesne transfers. (D) Said instruments do not obligate defendant to pay any money thereon, but only to deliver merchandise, and an action to recover money thereon, or to recover anything but damages for breach of the agreement to deliver merchandise, cannot be maintained. (E) The facts set out do not show that defendant was under any valid obligation to deliver merchandise to the face value of said checks to the person from whom plaintiff purchased same. (F) It is not alleged that plaintiff purchased said instrument from the original owners thereof, nor is it set out from whom she purchased them. (G) The instruments in writing are not transferable, and no custom as alleged in said count can vary the terms of said instrument, so as to make same transferable or give plaintiff right to purchase and sue on same." To the fourth count all of the grounds of demurrer above assigned to the second count, and the further ground that from the face of said instrument it has appeared that they were not transferable, and the defendant cannot be held liable as for instruments circulating as money. To the fifth count all those assigned to the second count, with the additional ground that the instruments described in the second count and alleged to have been purchased by the plaintiff appear on their face to be nontransferable, and the fact that plaintiff had previously purchased instruments of like character, and that defendants through its employes had previously given merchandise to persons holding said checks other than the original holders thereof, did not obligate defendant to recognize the transfer of these particular instruments, nor give plaintiff the right to sue on same.

These demurrers were sustained, and the trial was had on the common counts. The testimony tended to show that plaintiff had purchased these checks from some per-

[Kanjutsky v. Tennessee C. I. & R. R. Co.]

son other than the original holder for an amount less than $500, but did not trace the ownership of the checks back to the party to whom they were originally issued. It appeared that it was the general practice to deal in these checks in the neighborhood of defendant's commissary at Ensley, and that defendant had, prior to the time plaintiff purchased these checks, been accepting the same as a general rule, without reference to whether the parties presenting the check were the original holders. It was further shown that defendant had for some time been refusing to accept these checks from other merchants in payment for goods bought at wholesale. It further appeared that plaintiff had presented these checks to the defendant, who refused to deliver goods therefor, or to refund the money paid for the same.

STALLINGS & DRENNEN, for appellant. Having denied payment on the ground that some of the checks were stolen, the appellee was confined to that defense and in the absence of evidence at the trial that the checks were stolen, judgment should have been rendered in favor of the plaintiff.—*Myers v. Byars,* 99 Ala. 482; *McConnell v. Worns,* 102 Ala. 587; *Cloud v. Whiting,* 38 Ala. 57; *Plant & Co. v. Corgelin,* 30 Ala. 160; *Drake v. Foster,* 28 Ala. 649; *Clements v. Loggins,* 2 Ala. 514; *Sullivan v. Conway,* 81 Ala. 149. The defendant having honored and cashed similar checks by whomsoever presented over a long period of time had waived the non transferable stipulation therein, or had at least estopped itself to assert it.—*Phoenix Ins. Co. v. Doster,* 106 U. S. 30; *Ins. Co. v. Eggleston,* 96 U. S. 572; *Caldwell v. Smtih,* 77 Ala. 157; *M. & E. Ry. Co. v. Cobb,* 73 Ala. 396; *Tabler, et al. v. Sheffield L. I. & C. Co.,* 87 Ala. 310. Appellant having paid the money at the express or implied request of defendant, was entitled to recover the amount parted with..

—*Rushton v. Davis,* 127 Ala. 288; *Tabler, et al. v. Sheffield Land Co., supra.* The court erred in sustaining the demurrer to the 4th count of the complaint.—Sec. 866, Code 1896; *Tabler v. Sheffield L. Co., supra.*

PERCY & BENNERS, for appellee. An unliquidated sum in damages for the failure to deliver merchandise cannot be recovered under the common counts.—2 Ency. P. & P., 992. It has been settled in this state that the plaintiff cannot recover under the common counts as an assignee of checks such as these, but can maintain this action only upon the theory that she took up the checks at the instance or request of the defendant.—*Tabler, et al. v. Sheffield L.. Co.,* 87 Ala. 308.. Commissary checks such as these sued upon are nontransferable and nonassignable, and the plaintiff cannot recover upon the same as an assignee.—*Tabler, etc. Co. v. Sheffield, etc., Co.,* 79 Ala. 377; *Stanley v. Sheffield Land, Iron & Coal Co.,* 83 Ala. 260; *Tabler, etc. Co. v. Sheffield, etc. Co., supra.* No evidence of custom or usage is admissible to vary this.—Authorities cited above; *Richmond & Danville R. R. v. Hissong,* 97 Ala. 192. The plaintiff as assignee of these checks to maintain a suit in her own name, must show some special statutory authority. No principle of law is better settled than that actions upon contracts, either expressed or implied, must be brought in the name of the party in whom the legal interest in such contract is vested.—9 Cyc. 702; *Callison v. Little,* 2 Port. 89, 92. Section 28 of the Code of 1896 does not give this plaintiff a right to sue in her own name; this not being a contract for the payment of money.—*Henley v. Bush,* 33 Ala. 636, 642; *Newson v. Huey,* 36 Ala. 37, 38; *Auerbach v. Pritchett,* 58 Ala. 451; *Buck v. Carlisle,* 98 Ala. 580; *Badcock v. Carter,* 117 Ala. 575; *Sullivan v. L. & N. R. R. Co.,* 138 Ala. 650, 664. A person not the original party

to a contract, other than one for the payment of money, to maintain an action thereon in his own name must show an assignment in writing.—Code of 1896, Section 872; *Jemison. v. Birmingham & Atlantic R. R. Co.*, 125 Ala. 378; *Bank of Gotham v. Dawsey*, 137 Ala. 584. In declaring specially upon such a contract, plaintiff must allege an assignment in writing; and show how and by what means, he became the owner of the contract sued upon.—*Bank of Gotham v. Dawsey, supra.* Even though recovery be allowed on the common counts, plaintiff must prove ownership; and mere possession is insufficient to prove such ownership.—*Cobb v. Bryant,* 86 Ala. 316, 317; *Bank of Gotham v. Dawsey, supra.*

ANDERSON, J.—The plaintiff did not show a recoverable right under the counts to which demurrers were sustained, and they were therefore properly sustained. —*Tabler v. Sheffield Co.*, 87 Ala. 308, 6 South. 196; same case reported in 79 Ala. 377, 58 Am. Rep. 593; *Durr v. State*, 59 Ala. 24.

The only theory upon which the plaintiff could recover under the common counts is that she bought these labor checks at the instance or request of the defendant, acting through some lawfully authorized agent, or, if upon agreement with some officer or agent not duly authorized to bind the company thereby, that the defendant company subsequently ratified the agreement.—*Tabler v. Sheffield Co.*, 87 Ala. 305, 6 South. 196; *Stanley v. Sheffield Co.*, 83 Ala. 260, 4 South. 34. It is not sufficient that she previously bought checks which were honored by the defendant, but she must have bought them at the instance or request of the defendant, or at the instance or request of one whose act the company subsequently ratified. There was proof that Odom bought checks at the request of the agents or servants of the de-

fendant; but the purchase by the plaintiff of the checks in question from Odom did not give her the right to maintain a suit upon the common counts upon the idea that the money·she paid for same was paid at the instance and request of the defendant. The fact that defendant authorized Odom to buy was in no sense a request, express or implied, by the defendant to any one else to buy checks for him. Nor was there averment or proof that Odom transferred or assigned such a claim, if he had one, against the defendant, to the plaintiff.

It is insisted that the defendant is estopped from denying plaintiff's right to recover, because the only reason given for declining to honor these checks was that some had been stolen and that there was no proof that these particular checks had been stolen. We do not understand the doctrine of estoppel to go to the extent of giving the plaintiff a right which did not exist. Suppose the company was estopped from denying the validity of the checks, unless they were stolen; the estoppel would apply only to those entitled thereto, and not to one who was not the payee or legal transferee of same. The estoppel, if one existed, applied only as to the validity of the checks, and not to plaintiff's title to same.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.