[W. A. Handley Manufacturing Co. v. International Recording Co.]

# W. A. Handley Manufacturing Co. *v.* International Recording Co.

### *Assumpsit.*

#### (Decided November 12, 1912.  60 South. 557.)

1. *Corporations; Offices; Authority.*—The president of a corporation has no authority to bind the corporation, by virtue of his powers as such, by executing an order for the purchase of machinery on its credit.

2. *Same; Instructions.*—Where the action was on a contract alleged to have been executed by the president of the defendant corporation for the purchase of certain machinery and the court excluded all offered evidence to show that the president possessed either actual or apparent authority to execute the order on behalf of the corporation, it was error not to exclude the order from evidence.

APPEAL from Randolph Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by the International Recording Company against the W. A. Handley Manufacturing Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

R. J. HOOTEN, for appellant. The court erred in admitting the order signed by Wright, the president, without first proving its execution.—*Garrett v. Garrett,* 64 Ala. 263; *Shrimpton v. Brice,* 102 Ala. 655. If the president had any authority, it was in writing, and hence, the court erred in permitting parol proof.—*Pitts v. Coleman,* 86 Ala. 94.

E. M. OLIVER, for appellee. No brief reached the Reporter.

PER CURIAM.—In this case, so far as the record discloses, there were only two counts to the complaint.

The first count declares simply upon an open account. The second count seeks the recovery of $464.31, with interest thereon from May 23, 1911, for goods, wares, and merchandise sold by the plaintiff to the defendant. There were a number of pleas. There was a jury trial and a verdict for the plaintiff and a judgment of the court upon the verdict, and the defendant appeals.

1. We gather from the bill of exceptions that the defendant was, when the alleged cause of action arose and when the trial was had, a corporation engaged in some sort of manufacturing business. It seems to have had a warehouse and some kind of mill at Roanoke, Ala., and we presume that Roanoke was its principal place of business. The plaintiff was, we presume, a corporation; and it appears to have been, at the time the alleged cause of action arose, domiciled in the state of New York.

The bill of exceptions is in an extremely unsatisfactory condition, and, as all the questions presented to us for our determination are contained in the bill of exceptions, our task in attempting to do justice between the parties to this suit on this appeal is difficult and delicate.

The bill of exceptions states that it contains substantially all of the evidence; but its recitals convince us that an *order or paper* was introduced in evidence, and that it was before the jury, but that paper or order is not set out in the bill of exceptions. We gather from the bill of exceptions that the order or paper to which we refer was signed by one Wright, who, at the time of the execution of the order or paper, purported to act in some capacity for the defendant, and that the order or paper related to the proposed purchase by the defendant of certain machinery known as a timber recorder.

There was some evidence tending to show that Wright, when he signed the paper or order, was the president of the defendant; but there was no evidence whatever tending to show that Wright, simply because he was the president of the defendant, had the authority, either actual or apparent, to execute the order or paper for defendant. In fact, the bill of exceptions affirmatively shows that the court excluded all evidence from the jury tending to show that Wright "had authority to buy for" the defendant. The bill of exceptions also affirmatively shows that when the order or paper was offered in evidence the defendant objected to its introduction, upon the ground that it was not shown that "the party signing said paper had any authority to sign it." The bill of exceptions may disclose the bald fact that Wright was the president of the defendant at the time the order was given, and it may disclose that he as president gave the order; but these facts alone are not sufficient to legally show that Wright, when he made the order or signed the paper, had the authority to bind defendant by signing the order in its name. As was said by the Supreme Court of Alabama, in the case of *Sampson v. Fox,* 109 Ala. 662, 19 South, 896, 55 Am. St. Rep. 950 : "There is no evidence that such duty had been imposed, or authority had been conferred, by the company; nor that either exists by general usage. In 1 Morawetz, Corp. § 537, it is said: "The implied powers of the president of a corporation depend upon the nature of the company's business, and the measure of the liability delegated to him by the board of directors. It seems that a president has no greater power, by virtue of his office merely, than any other director of the company, except that he is the presiding officer of the meetings of the board.' The Supreme Court of New Jersey said: 'In the absence of anything in the

act of incorporation bestowing special power upon the president, he has, from his mere official station, no more control over the corporate property and funds than any other director. The affairs of corporate bodies are within the exclusive control of their boards of directors, from whom authority to dispose of their assets must be derived'." See further, *Stanley & Co. v. Sheffield Land, Iron & Coal Co.,* 83 Ala. 260, 4 South. 34.

In our opinion, when the trial court admitted the paper to which we refer, with no evidence before it that Wright possessed either the actual or apparent authority to bind the defendant when he signed the defendant's name thereto, the court committed an error in so doing. It is also our opinion that after the court excluded all evidence which was *afterwards* introduced, which in any way tended to show that Wright possessed either the actual or apparent authority to sign the order on behalf of the defendant and bind the defendant by such order, the court committed a reversible error in refusing to exclude, on the motion of the defendant, said paper from the jury.

2. Some of the evidence which the defendant offered, and which the court refused to allow to go before the jury, was, we think, relevant to the issues presented under the pleadings; but on account of the condition of the bill of exceptions we forbear a discussion of the other questions which the appellant has undertaken to present to us for review. In the absence of the order or paper to which we have above referred, the foundation of the plaintiff's cause of action is gone, and under the legal, relevant evidence in this case the trial court committed reversible error in charging the jury, at the written request of the plaintiff, that if they believed the evidence they should find for the plaintiff.

[Friel, et al. v. North Birmingham Building Association.]

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.