VALPARAISO STATE BANK, APPELLANT, v. CHRISTIAN J. SCHWARTZ ET AL., APPELLEES.

FILED NOVEMBER 27, 1912. No. 16,848.

1. **Creditors' Suit:** PERSONAL CONTRACTS. The contract of husband and wife to support his father in their family and furnish him with $50 a year during his life is a personal contract, and the rights of the father under the contract cannot be subjected by a court of equity to the payment of a judgment against him.

2. ————: HOMESTEAD. In such case, if the consideration for the contract on the part of the father was the conveyance of his homestead of the value of $3,000, which is exchanged for a home for the husband and wife upon which the father retains a lien to secure the performance of the contract, the father's interest in the property so conveyed to the husband and wife will not be subjected to the payment of a judgment upon an indebtedness incurred after the transfer of the property to the husband and wife.

3. **Homestead:** TENANCY IN COMMON. The homestead of a family may be taken in property of either the husband or wife, and if their home is owned by them equally as tenants in common, and is of the value of the homestead exemption, neither can claim other real estate exempt.

4. **Fraudulent Conveyances:** HOMESTEAD. If the husband and wife own two town lots equally as tenants in common, and reside on one of them as their home, which is of the full value of the homestead exemption, the undivided one-half interest of the husband in the other lot will not be exempt from a judgment against him. The transfer by him of such interest to his wife without consideration, to hinder or delay his creditors, will be set aside as fraudulent.

APPEAL from the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Reversed.*

*E. J. Clements,* for appellant.

*G. W. Simpson* and *G. H. Simpson, contra.*

SEDGWICK, J.

In August, 1909, the plaintiff recovered a judgment against the defendants, Jacob Schwartz and Christian J. Schwartz, in the county court of Saunders county, and caused a transcript of the judgment to be duly filed in the office of the clerk of the district court for said county. Execution was issued thereon and returned wholly unsatisfied, and this action was brought in the district court for Saunders county in the nature of a creditor's bill to subject the interests of the defendants in certain property to the payment of the judgment. The district court found in favor of the defendants and dismissed the case, and the plaintiff has appealed.

In January, 1907, the defendant Jacob Schwartz, who was a widower, owned 80 acres of land in Seward county, which was his homestead, and which he had occupied as such for many years. He then conveyed this land to one Scott, who was the owner of lots 14 and 15 in block 3, in the village of Valparaiso, in Saunders county, and Scott conveyed the two lots to the defendants Christian J. Schwartz and Betty Schwartz, his wife, who took the lots as tenants in common. Christian J. Schwartz is the son of the defendant Jacob Schwartz. The consideration paid for these lots conveyed to Christian and Betty Schwartz was $4,500. Christian and Betty Schwartz both testified that the homestead of Jacob Schwartz was exchanged for the lots and the lots given to them for supporting Jacob Schwartz during life. There was a mortgage of $1,000 on the farm, and its actual value above the mortgage was $3,000. Christian and Betty Schwartz paid the remaining $1,500 for the lots. At the same time, and as a part of the same transaction, Christian Schwartz and Betty Schwartz entered into a contract with Jacob Schwartz in which they

agreed to "board, clothe, and furnish him with one room," and to pay him $50 in cash each year during his natural life. This written contract gave Jacob Schwartz a lien upon the two lots as security for the performance thereof on the part of Christian and Betty Schwartz. The parties then made their home in the building upon one of these lots, in which there was also a restaurant kept by Christian and Betty Schwartz. The value of this lot and building is variously estimated by the witnesses from $1,500 to $2,500. From a consideration of this evidence we think the value should be found to be $2,000. The building on the other lot was rented for a barber shop and other purposes. After incurring the indebtedness upon which the said judgment was rendered, Christian Schwartz conveyed to his wife, Betty Schwartz, his undivided one-half interest in the said lots. This conveyance is conceded to have been without consideration.

Plaintiff contends that the interest of Jacob Schwartz in the lots in question under the said contract should be subjected to the payment of the judgment against him, and that the one-half interest in the lot not occupied as a home, which was conveyed by Christian Schwartz to his wife, should also be subjected to the payment of the judgment against him. It is insisted that, as the parties have always resided together in the building upon the one lot, and as Christian Schwartz is the head of the family, the defendant Jacob Schwartz has no homestead interest in the property in which he resides, and that his interest therein is therefore not exempt.

1. The arrangement between Jacob Schwartz and his son and daughter-in-law is peculiarly a personal arrangement. Jacob Schwartz himself could not transfer his rights under this contract to a stranger and clothe that stranger with the power to demand these services and a fulfilment of this contract on the part of Christian Schwartz and his wife. Under such circumstances, a court of equity will not attempt to appropriate the interests of Jacob Schwartz under this contract for the benefit

40

of his creditors. Ordinarily an order to that effect could not be enforced. There are considerations arising out of the relationship of the parties and their mutual undertakings for the benefit of each other that are wholly personal and are incompatible with the substitution of a stranger in the place of either party. See *Hilton v. Crooker*, 30 Neb. 707; *Zetterlund v. Texas Land & Cattle Co.*, 55 Neb. 355, and cases there cited. It is suggested that these reasons do not apply to the money consideration of $50 a year, but the contract is entire, and the consideration going to Jacob Schwartz under it cannot be separated. The inducement to take one's father into a family and make him a member thereof, conferring and receiving reciprocal advantage from the relation, may be and perhaps generally is much more than $50 a year. It cannot be supposed that the same contract would have been made with a stranger, or that the $50 a year for expenses any more than measures the difference between taking one's own father into the family and performing the same services for a stranger. We do not think that this contract shows such a financial advantage to Jacob Schwartz as a court of equity can appropriate to the payment of a judgment against him.

2. We think the second claim of the plaintiff has more merit. When Christian Schwartz and Betty Schwartz took the title of this property and began occupying it as their home, they acquired a homestead interest in it. A homestead may be taken in the property of either husband or wife, and, as the title to this property was taken by the husband and wife in common, the homestead exemption would apply to their joint ownership, the lot which they occupied as a home being of the value of the homestead exemption. The interest of the defendant Christian Schwartz in the other lot would, as against his creditors, be no part of the homestead and would be liable for his debts. When Christian Schwartz transferred this interest in the remaining lot to his wife without consideration, the indebtedness upon which this judgment was rendered

existed, and the transfer was in fraud of his creditors. Christian Schwartz furnished $1,500 of the purchase price of the lots. He and his wife therefore obtained not more than a two-thirds part of the property from Jacob Schwartz, and if they fail to perform their contract should return the same to him. The district court should have subjected an undivided one-half interest in the lot not exempt to the payment of this judgment.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.