**NEW YORK TRUST CO. v. ISLAND OIL &
TRANSPORT CORPORATION et al.**

**Ex parte AMERICAN TRUST CO.**

Circuit Court of Appeals, Second Circuit.
June 24, 1929.

No. 273.

654

Paul B. Barringer, Jr., of New York City, for mortgagee.

Saul J. Lance, of New York City (Francis L. Kohlman, of New York City, on the brief), for receivers.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). ■ We do not find it necessary to decide whether the appointment of the seller's receivers and the subsequent correspondence constituted an anticipatory breach of the contract. Even if they did, the damages are not to be computed in disregard of what took place between then and the filing of the claim, or for that matter—this being in equity—up to the entry of the decree. It is, indeed, one of the consequences of the doctrine of anticipatory breach that, if damages are assessed before the time of performance has expired, the court must take the chance of forecasting the future as best it can. That does not mean that it will ignore what has happened, when the period of performance has already expired. Damages never do more than restore the injured party to the position he would have been in, had the promisor performed; this is not a rule peculiar to anticipatory breach, though that is an instance. Hence it is always an answer, in that or other similar situations, to show that, had the contract continued, the promisee would not have been entitled to the performance, though he was apparently so entitled when the promisor disabled himself or repudiated. Gray v. Smith, 83 F. 824 (C. C. A. 9); Winston v. Brown, 247 F. 948 (C. C. A. 5); Texas Co. v. Pensacola Maritime Corporation, 279 F. 19, 24 A. L. R. 1336 (C. C. A. 5); Gerli v. Poidebard Co., 57 N. J. Law, 432, 31 A. 401, 30 L. R. A. 61, 51 Am. St. Rep. 611; Williston on Contracts, § 884.

■ In the case at bar the contract was personal to the buyer; he was not to assign it, nor were there to be assignments by operation of law. This was a valid provision, and really did no more than in earlier times the law itself effected. Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578; Tabler v. Sheffield Land, Iron & Coal Co., 79 Ala. 377, 58 Am. Rep. 593; Mueller v. Northwestern University, 195 Ill. 236, 63 N. E. 110, 88 Am. St. Rep. 194; Zetterlund v. Texas Land & Cattle Co., 55 Neb. 355, 75 N. W. 860; Wakefield v. Amer. Surety Co., 209 Mass. 173, 95 N. E. 350. The trustee in bankruptcy could not therefore demand the oil, not because of any defect in his title under the statute, but because the contract excluded him by its terms. Nor could the buyer have done so, at least without composition; certainly not if the contract passed by the adjudication, and not, even if it did not, because he could demand oil only for his refinery, which in any case had passed to the trustee. Moreover, if the mortgagee had previously got the receivership extended for his benefit, the same result followed. We need not say that the assignment under the mortgage alone brought the claim into play, but, as soon as the mortgagee entered upon default, performance ceased to be personal to the buyer, and he could not demand it. Nor could the mortgagee, who must claim as assignee, if at all. Thus the master was clearly right in his ruling as to the period after default and entry.

■ As to the earlier period, what we have already said in disposing of the claim of the Gulf States Oil & Transport Company (claim B-6), New York Trust Co. v. Island Oil & Transport Corporation, 34 F.(2d) 649, applies here. Even were we to suppose that the clause against assignments did not invalidate the assignment of an existing cause of action (Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578, seems to decide that it did), the mortgage gave the mortgagee no rights to the oil which should have been delivered before entry. Thus the contract at least prevented any assignment for oil due after entry, and the mortgage created no lien before. It follows that the mortgagee had no claim of any kind; the only person who could sue was the buyer or his receivers. We are therefore relieved of any consideration of whether the assignment was partial, and whether the obligor had contracted to make separate performances.

Decree reversed; claim dismissed.