PAUL GERLI, PLAINTIFF IN ERROR, v. THE POIDEBARD·
SILK MANUFACTURING COMPANY, DEFENDANT IN
ERROR.

THE POIDEBARD SILK MANUFACTURING COMPANY,.
PLAINTIFF IN ERROR, v. PAUL GERLI, DEFENDANT·
IN ERROR.

1. A chose in action accruing to a partnership from a transaction in the·
ordinary course of its business may be transferred by a single member·
of the firm.

2. A written memorandum of the terms of an order for the purchase of
goods, signed by an agent of the buyer, and a written acceptance of
the order, signed by an agent of the seller, constitute a valid contract.
within the statute of frauds.

3. When the seller of goods has agreed to deliver them in installments,.
and the buyer has agreed to pay the price in installments which are·
proportioned to and payable on the delivery of each installment of
goods, default by either party with reference to any one installment
will not ordinarily entitle the other party to abrogate the contract.
*Blackburn* v. *Reilly*, 18 *Vroom* 290, reaffirmed.

4. If the buyer of goods to be delivered on a subsequent day gives notice·
to the seller before the day of delivery that he will not accept them,
and in an action by the seller for the breach of contract it appears·
that, even if the notice had not been given, it would have been a.
physical impossibility for the seller to tender the goods at the proper
time, the seller will not be entitled to more than nominal damages.

5. Where a contract is made for the sale and delivery of goods in install-
ments, and the vendor fails or neglects to make the delivery of the·
first installment at the time agreed upon, the purchaser may rescind·
the entire contract. VAN SYCKEL, J., *dissenting*.

On error to the Hudson Circuit. The two writs of error·
were heard together.

For Paul Gerli, plaintiff in error, *Charles L. Carrick* and·
*Charles E. Hughes*.

For the Poidebard Silk Manufacturing Company, defendant,
in error, *Collins & Corbin*.

The opinion of the court was delivered by

DIXON, J.   On March 28th, 1893, C. & E. Gerli, Fratelli & Company, entered into a contract to sell and deliver in New York, to the Poidebard Silk Manufacturing Company, thirty bales of extra Piva new silk, deliverable, ten bales July 20th to 25th, ten bales August 15th, and ten bales September 1st to 10th, each installment to be paid for sixty days after delivery, at $5.90 per pound.   In consequence of the lateness of the new crop it was impossible for the sellers to make delivery of the first ten bales within the time specified, and on July 27th the buyer extended the time for such delivery until August 1st.   On that date, the impossibility still continuing, the buyer notified the sellers that it canceled the contract because of the default and would decline to receive any of the merchandise ordered.   On August 15th the new crop of silk had not yet arrived in New York, but it arrived before September 10th.   Under these circumstances one of the members of the selling firm assigned the firm's rights in the contract to Paul Gerli, the plaintiff, and thereupon he brought this suit against the buyer to recover damages arising from the refusal to accept the installments of August 15th and September 1st to 10th.   At the trial the justice denied the right to damages for the installment of August 15th, and directed a recovery of the damages as to the installment of September 1st to 10th.   On exceptions taken at the trial each party has assigned error.

The errors assigned by the purchaser will first be considered—

*First.* That the claim for damages was assignable, so as to authorize the assignee to sue thereon in his own name, is clear on the words of the supplement to the Practice act approved March 4th, 1890.   *Pamph. L., p.* 24.   It was "a chose in action arising on contract."

Such a chose in action belonging to a partnership may be transferred by a single member of the firm.   *Story Part.,* § 101.

VOL. XXVIII.        28

*Second.* The contract was fully proved within the statute of frauds.    Evidence introduced on behalf of the defendant showed that its general manager had written and signed a memorandum of the order given for the goods, in which were stated all the terms of the proposed contract, and that thereupon the agent of the sellers had sent to the buyer a written acceptance of the order duly signed.    Such proof was suffi‧cient.    *Brown St. of F.,* § 346.

*Third.* The other exception pressed by the defendant below is that the trial justice denied the right of the buyer to rescind the contract on the non-delivery of the first installment of silk.

The general rule on this subject was thus laid down by this court in *Blackburn* v. *Reilly,* 18 *Vroom* 290 : " In contracts for the sale of goods, to be executed by a series of deliveries and payments, defaults of either party, with reference to one or more of the stipulated acts, will not ordinarily discharge the other party from his obligation, unless the conduct of the party in default be such as to evince an intention to abandon the contract or a design no longer to be bound by its terms."

In the case cited, this rule was enforced against the buyer. In *Trotter* v. *Heckscher,* 13 *Stew. Eq.* 612, this court, and in *Otis* v. *Adams,* 27 *Vroom* 38, the Supreme Court, enforced it against the seller.

That the conduct of the vendors in the present case did not evince an intention to abandon the contract or not to be bound by its terms, appears beyond dispute.    They failed to deliver the July installment because it was impossible to do so, offered to deliver other silk which they considered equally valuable, expressed their willingness to come to an equitable arrangement for their default, and, on the first intimation of a purpose on the part of the vendee to rescind the contract, they protested against the right of rescission and insisted that they should be permitted to make the subsequent deliveries. They showed a design the very opposite of repudiation.

Nor do we find anything in this contract or the circumstances of the parties from which it can reasonably be inferred

that the parties intended the delivery of each installment of silk to be a condition precedent to the continuing obligation of the contract. So far as appears, the usefulness to the buyer of any installment did not at all depend upon the prompt delivery of prior installments, and full indemnity for every default could be secured by action based thereon. So that, under the rule before declared, it would seem that the attempt to rescind was illegal.

The defendant, however, insists that the rule is not applicable to the present case, because the sellers' fault consisted in failing to do the first thing required to be done in performance of the contract, and *Norrington* v. *Wright*, 115 *U. S.* 188, is cited as an authority for this distinction.

On principle, I do not see that, for such a purpose, the first act to be done stands upon a different footing from subsequent acts. A default in that does not make it more certain than do other defaults that the party aggrieved cannot get exactly what he contracted for; for that default, as well as for others, he may be compensated by suit, and by that default, as readily as by others, he may obtain an unconscionable advantage if he is entitled to rescind or retain the bargain as self-interest may dictate. As evidence of repudiation or abandonment, non-performance of the first thing required to be done may be more persuasive than if the promisor had partially carried out his contract; but, as a basis on which a right of rescission is to be supported, it cannot, merely because it is first in order of time, have any greater importance than later defaults.

In *Norrington* v. *Wright, ubi supra,* the plaintiff had contracted to ship from Europe to the defendant, in Philadelphia, one thousand tons of rails in each of the months of February, March, April, May and June. In February he had shipped four hundred tons which the defendant had received and paid for, not knowing that less than the required quantity had been shipped. In March the plaintiff had shipped eight hundred and eighty-five tons, and the defendant, on learning of these deficiencies, declared the contract terminated. The court held that he was justified in doing so.

I am not sure that I perceive definitely the principle on which this decision was rested. But the case seems now to be cited for the following paragraph in the opinion of the court: " The seller is bound to deliver the quantity stipulated, and has no right * * * to compel the buyer to accept a less quantity; * * * and when the goods are to be shipped in certain proportions monthly, the seller's failure to ship the required quantity in the first month gives the buyer the same right to rescind the whole contract that he would have had if it had been agreed that all the goods should be delivered at once."

I cannot but think that there is here some confusion of thought. If a contract of sale requires the delivery of all the goods at once, and the seller tenders only part at the time specified, certainly the buyer may refuse to accept the part, but it is scarcely accurate to say his refusal is based upon a rescission of the contract. He has simply refused to do what he never agreed to do. But if the goods are to be delivered in installments at different times and the seller tenders one installment on the day specified, then if the buyer refuses to accept it, plainly his refusal must rest upon a different foundation. He had agreed to accept such a tender, and his refusal can be justified only on the idea that he has become released from that agreement—that is to say, with reference to the point we are now considering, it must appear that his agreement to accept the installment tendered was dependent on the due performance by the seller of another promise which he had failed to perform. We are thus brought to the real question in all bargains of this nature, whether on the proper construction of the contract the performance of any particular stipulation by one party is a condition precedent to the continuance of obligation upon the other party, and logically this must be the question as well with regard to the first stipulation as the subsequent ones.

On this question this court adopted the general rule that, when the seller has agreed to deliver the goods sold in installments, and the buyer has agreed to pay the price in install-

ments which are proportioned to and payable on the delivery of each installment of goods, then default by either party with reference to any one installment will not ordinarily entitle the other party to abrogate the contract. We were led to the adoption of this rule because it seemed to be supported by the greater strength of judicial authority and to be most likely to promote justice. We see no sufficient reason for abandoning it.

The rule governs the case in hand and maintains the right of the plaintiff to recover damages for the defendant's refusal to accept the third installment of silk. Therefore, as against the defendant, the judgment is not erroneous:

The plaintiff below assigns error upon the exclusion of his claim for damages, because of the refusal to accept the installment deliverable August 15th.

In this there was no substantial error. Conceding that the defendant's repudiation of the whole contract before August 15th absolved the sellers from the duty of tendering an installment on that date and gave them an immediate right of action against the defendant for a breach of contract, nevertheless, when it appeared, as it did on the trial, that by no possibility could the sellers have made tender of the silk due August 15th, because the silk did not arrive in New York until a later day, it became evident that as to that installment the sellers suffered no loss by the breach.

There are other assignments of error in the record, but as counsel did not notice them in argument, we assume that they are all involved in the matters above decided or are waived.

The judgment should be affirmed.

VAN SYCKEL, J. (dissenting). In March, 1893, Gerli contracted to sell and deliver to the Poidebard Silk Company thirty bales of new silk—ten bales to be delivered between July 20th and 25th, ten bales August 15th, and ten bales between September 1st and 10th, 1893.

Gerli could not deliver the first installment, and so informed the silk company, nor was Gerli able to deliver the second installment.

After the failure to deliver the first installment the silk company gave notice to Gerli that it rescinded the contract. and would refuse to accept the future deliveries.

For the refusal of the silk company to accept the last installment, deliverable in September, Gerli brought this suit. and recovered damages in the trial court.

The only question in the case is whether, under these circumstances, the purchaser had a right to rescind the contract.

Where goods are sold, to be delivered at a specified time,. the purchaser is not bound to accept them at a subsequent time. 2 *Benj. Sales* 892; 2 *Chit. Cont.* 443; *Behn* v. *Burness*, 3 *Best & S.* 757; *Bowes* v. *Shand*, 2 *App. Cas.* 455; *Lowber* v. *Bangs*, 2 *Wall.* 728; *Davison* v. *Von Lingen*, 113. *U. S.* 40.

In *Clark* v. *Wright*, 5 *Phila.* 439, Mr. Justice Hare said' that the buyer was not responsible unless tender was made at the time and place specified; that no case, he believed, could · be found where an executory contract for the sale of chattels. has been taken out of the strict rule of the common law by equity on an equitable principle.

In *Jones* v. *United States*, 96 *U. S.* 24, Mr. Justice Clifford' pronounces this rule to be a rigid one, so that the vendee is. not constrained to accept goods unless delivered or tendered at the time agreed upon.

If, therefore, the contract had been to deliver the thirty bales at one time, the right of the buyer to rescind on failure of the vendor to deliver on the day named would be so clear that it would not be debatable.

In what respect does the case under discussion differ in, principle? It is an entire contract for the delivery of thirty bales, although to be in installments. It cannot, even plausibly, be contended that the contract is severable or divisible. The bargain was a unit, embracing all of the thirty bales,. and not three separate, independent contracts for ten bales. each. It cannot be seriously asserted that the contract was. for anything other than thirty bales, or that there was any implied term in it that the vendee would accept damages as.

a substitute for such deliveries as were not made by the vendor, and still be under obligation to receive such deliveries as the vendor elected to make.

*Damages are adjudged for breach of contract;* they are not given as part performance of the contract. It is true that the failure to make the first delivery left in the purchaser the option to insist upon delivery of the subsequent installments, which option he would exercise only in case the market value of the goods did not depreciate, and in that respect he would have the advantage of the other party to the contract. The same result would follow if the thirty bales were to have been delivered' in bulk, for in that case also the vendee would not elect to rescind, but would insist upon the execution of the engagement if there was a rise in the market price. The advantage in position which in such case the buyer occupies, arises from the fact that he has performed, or is ready to perform, on his part, while the other party is in default, and such advantage therefore has a just basis. No case has been brought to the attention of the court, where the vendee has been held to the execution of the contract, where he announced his election to rescind after the seller failed or refused to make the first delivery.

*Hoare* v. *Remrine,* 5 *Hurlst. & N.* 19, is precisely in point, recognizing the right of rescission in such a case as that before us.

This case was criticised in *Simpson* v. *Crippin, L. R.,* 8 *Q. B.* 17, but in *Houch* v. *Muller, L. R.,* 7 *Q. B. Div.* 92, Lord Justice Bramhall says that Hoare *v.* Remrine has never been overruled; that in Simpson *v.* Crippin the court evidently did not understand it. He approved of the decision in Simpson *v.* Crippin, and distinguishes Hoare *v.* Remrine by the fact that, in the former case, there had been part performance of the contract, and it could not therefore be undone.

Lord Bramhall further pertinently remarks that "it has never yet been held that a man may break his contract, render the performance of the whole impossible, and, though

nothing has been done under it, insist on the performance of the remainder."

In *Norrington* v. *Wright*, 115 *U. S.* 188, Mr. Justice Gray discusses the English cases very elaborately, and shows clearly that there is no support in the law for the doctrine that the vendor, after he himself is in default as to the first delivery, can enforce performance of the remaining part of the bargain by the vendee.

He most confidently asserts that, in mercantile transactions, an agreement to deliver goods at a specified time is to be regarded as a warranty, upon failure or non-performance of which the party aggrieved may repudiate the whole contract; that "the seller is bound to deliver the quantity stipulated, and has no right either to compel the buyer to accept a less quantity or to require him to select part out of a greater quantity; and when the goods are to be shipped in certain proportions monthly, the seller's failure to ship the required quantity in the first month gives the buyer the same right to rescind the whole contract that he would have if it had been agreed that all the goods should be delivered at once."

This case was approved in *Cleveland Rolling Mill* v. *Rhodes*, 121 *U. S.* 255, and is unchallenged authority in the federal courts.

In *Blackburn* v. *Reilly*, 18 *Vroom* 290, the buyer accepted five weekly deliveries and paid for them without objection. He refused afterwards to accept the sixth delivery, not because it was not in time, but for the reason that he objected to the quality of the goods previously accepted and paid for. This court held that, under these circumstances, the buyer could not rescind, but must resort to his action for damages for the defects in the goods which had been furnished.

That case was properly decided under the prevailing rule which applies to rescission. It is the admitted rule that rescission cannot be resorted to where part of the contract has been executed, and the parties cannot be placed *in statu quo*. The entire contract must be rescinded or there can be no rescission.

*28 Vroom.*  Gerli v. Poidebard Silk Mfg. Co.

Under the rule on which the judgment below is based, if there is a contract for twelve successive monthly deliveries, the vendor may refuse to make eleven of the deliveries as the due days arrive, and still hold the vendee to the acceptance of the twelfth delivery.

Such a doctrine will be startling to the business community. It needs no discussion to show that in those pursuits where supplies are essential to the employment of labor, no business enterprise can be conducted with safety or success under such a rule.

A contract for goods in installments is thereby perverted into an agreement to engage in a succession of lawsuits, if the vendor so elects, for such damages as the purchaser may be able to recover, as a substitute for what he expressly bargains for, and during all this period the purchaser cannot safely secure his needed supplies elsewhere, because he cannot know until the due days arrive whether the vendor will make further default. The injustice of such an exposition of the law is even more conspicuous when we consider that in many cases the purchaser will be compelled to seek redress in the courts of another state or in those of a foreign country.

I cannot assent to a doctrine so subversive of certainty and success in commercial transactions.

In my opinion, the judgment below should be reversed.

In case of Gerli *v.* Poidebard Silk Manufacturing Co.:

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH. 12.

*For reversal*—None.

In case of Poidebard Silk Manufacturing Co. *v.* Gerli:

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, BOGERT, BROWN, KRUEGER, SIMS, SMITH. 9.

*For reversal*—MAGIE, REED, VAN SYCKEL. 3.