[Civil No. 2521.  Filed May 9, 1927.]

[255 Pac. 994.]

CATHERINE A. SARLE and CLIFTON J. SARLE, Appellants, v. SCHOOL DISTRICT NUMBER TWENTY–SEVEN (27) OF PIMA COUNTY, Appellee.

Mr. George O. Hilzinger, for Appellants.

Mr. John W. Murphy, Attorney General, Mr. Louis R. Kempf, County Attorney, and Mr. Milton M. Cohan, Deputy County Attorney, for Appellee.

ROSS, C. J.—On March 31st, 1925, the board of trustees of School District Number Twenty-seven of Pima county, by written contract, employed Catherine A. Sarle to teach school in said district for the term of nine months, commencing on September 21st, 1925, at a monthly salary of $145. The contract contained the provision that "either party to this contract may terminate it by giving thirty days' notice." On May 25th, 1925, said trustees notified Mrs. Sarle that her services as teacher would not be needed, as they had retained the services of the then present teachers.

On September 8th, 1925, Mrs. Sarle filed her complaint, setting out her contract of employment and the notice dispensing with her services, and alleged her willingness and ability to perform her part of the contract, and that her dismissal was without cause. She alleged her damages at $1,305, her total salary under the contract. The defendant's general demurrer to this complaint was sustained, and, the

plaintiff standing thereon and refusing to amend, judgment was entered in favor of the defendant School District. The plaintiff has appealed.

We were given to understand on the argument, and that is manifest from the briefs, that the demurrer was sustained because it appeared from the complaint that the trustees, in renouncing the contract, were exercising a power expressly conferred by the contract. This demurrer was passed upon by the court in February, 1926.

The question of the power and right of boards of trustees to insert in a contract employing a teacher a stipulation that the contract might be terminated upon notice was later, in January, 1927, in *Public School District No. 11 of Maricopa County* v. *Holson,* 31 Ariz. 291, 252 Pac. 509, passed upon by this court. In that case we held that such provision was invalid, and that the trustees of the School District could not dismiss the teacher at pleasure, or arbitrarily, or capriciously, and that the effort to write such power into the contract was violative of the spirit and policy of the law as declared by the legislature. It was said in that case that the legislature had enumerated the causes for which a teacher might be dismissed, and that the right of dismissal was limited to those causes. The demurrer, on the grounds suggested, was therefore improperly sustained.

On the argument it was suggested that the suit was prematurely brought; the beginning of the term of service not having then arrived. Our examination of the authorities satisfies us the rule is that, if one of the parties to a contract, in advance of the time for its performance, renounces it, the other may, at his option, treat it as ended, and sue immediately for any damages that he has sustained or may sustain. 13 C. J. 651, § 725; *Roehm* v. *Horst,* 178 U. S. 1, 44 L. Ed. 953, 20 Sup. Ct. Rep. 780 (see, also, Rose's U. S. Notes); *Brady* v. *Oliver,* 125 Tenn. 595,

Ann. Cas. 1913C 376, 385, 41 L. R. A. (N. S.) 60, 147 S. W. 1135.

It follows that the dismissal of plaintiff, if made without cause, was wrongful, and that she is entitled to recover her damages, if any, to be computed, if made an issue, according to the rule laid down by this court in *Granow* v. *Adler*, 24 Ariz. 53, 206 Pac. 590. See, also, *Ogden-Howard Co.* v. *Brand*, 7 Boyce (30 Del.), 482, 8 A. L. R. 334, and note at page 338, 108 Atl. 277.

The judgment is reversed and the cause remanded, with directions that the order overruling the demurrer be set aside and the judgment vacated, that further proceedings may be had in accordance herewith.

LOCKWOOD and McALISTER, JJ., concur.