372 P.2d 76

**Nick DIAMOS, Appellant,**

v.

**Victor HIRSCH and Lois Hirsch, husband and wife; and Arpad Erdos and Agnes Erdos, husband and wife, Appellees.**

No. 6633.

Supreme Court of Arizona.

In Division.

June 6, 1962.

Udall & Udall, Tucson, for appellant.

Wright, Goddard & Barry, Tucson, for appellees.

STRUCKMEYER, Justice.

Plaintiff commenced this action to recover damages sustained as a result of an alleged breach of contract by anticipatory repudiation. Defendants filed a counterclaim alleging the breach was by the plaintiff. This is an appeal from a judgment entered on a directed verdict in favor of

defendants and from the judgment entered in favor of defendants on their counter-claim.

On November 20, 1956, plaintiff and defendants entered into an agreement the terms of which provided that plaintiff would construct a building on land owned by him and lease it to defendants for ten years. The rent clause of the agreement set forth a mathematical formula, the purpose of which was to establish the total amount of rent for the ten year period.[1] Within a day or two after signing the agreement, plaintiff's agent contacted defendant Victor Hirsch and informed him that there had been a mistake in the rent provision in that the figure of $1,200 used in the formula should have been $12,000. Mr. Hirsch

agreed that there had been an error and orally promised to give plaintiff a letter setting forth the monthly rent when the bids were in. Neither party contended that the $1,200 figure was correct and later, after suit was brought, the parties stipulated at the pre-trial conference that the figure $1,200 be changed to read $12,000 in order to eliminate a count for reformation.

A satisfactory bid for the construction of the building was received on January 27, 1957. The following day Hirsch, one of the defendants, went to the plaintiff's office and presented him with an addendum which he had prepared in lieu of the letter. The addendum set forth the monthly rent and also contained four additional items.[2] The first item setting forth the monthly rent

---

1. The agreement signed by the parties contained the following provision:

   "RENT: The said LESSEE, in consideration of the leasing of the premises aforesaid, does hereby covenant and agree to pay the said LESSOR, as rent for the same, the following sum arrived at in the following manner, to-wit:

   "The rent for the ten (10) year period shall be a sum equal to ten (10) times a sum which is equal to twelve (12%) percent of the cost of the building on said premises, the paving on said premises, and the architect's fees for the building of said premises, plus the sum of ONE THOUSAND TWO HUNDRED ($1,200.-00) DOLLARS. The rent shall be payable monthly, but the amount of the monthly rent shall be fixed and determined by a supplementary agreement after the said building has been completed. The first and last months rent shall be payable upon the LESSEE moving into the said premises."

2. The addendum stated:

   "January 28, 1957
   "ADDENDUM TO THAT CERTAIN LEASE DATED NOVEMBER 20, 1956 BETWEEN NICK DIAMOS, AS THE LESSOR, AND VICTOR AND LOIS HIRSCH AND ARPAD AND AGNES ERDOS, AS THE LESSEE.

   "It is hereby understood and agreed as follows:

   "that the rent shall be $200.00 per month for the first year, and $250.00 per month for the next nine years; and that the first and last months' rent shall be payable upon the Lessee's occupying the premises;

   "that the Lessee may use the outside of the front wall of the building for a sign;

   "that the Lessor will not unreasonably with-hold consent to the assignment of the lease;

   "that the term 'first year' as used in reference to the payment of taxes, means

was agreeable to plaintiff, however a dispute arose over the four additional items. After discussing the matter for an hour and a half, the parties were unable to agree on all of the additional items. The conference between the parties ended with neither party having signed the addendum. All further discussion and correspondence on the matter was carried on by the parties' attorneys.

During the next three weeks four letters were written and exchanged. The final letter written on February 18, 1957, by plaintiff's attorney stated that plaintiff was willing and ready to carry out the terms of the agreement and that construction would start immediately if defendants would inform plaintiff in writing that the rent would be $200 per month for the first year and $250 per month for the last nine years of the lease. The defendants did not inform plaintiff in writing to this effect. There was no further discussion or correspondence on the matter.

On May 27, 1957, plaintiff commenced this action seeking to recover architectural expenses and attorney's fees incurred by reason of defendants alleged breach of the agreement. Defendants filed a counterclaim alleging that plaintiff had breached the agreement by failing to construct the building. Thereafter plaintiff filed an amended complaint alleging that on or about January 28, 1957, defendants repudiated the agreement and refused to perform any of the conditions therein. On these issues the case was tried. At the conclusion of plaintiff's case the trial court granted defendants' motion for a directed verdict and allowed the trial to proceed on defendants' counterclaim. The jury returned a verdict in favor of defendants on their counterclaim in the amount of $7,988.38. After a denial of plaintiff's motion for a new trial, this appeal was perfected.

Plaintiff's first assignment of error directs our attention to the question of whether the trial court erred in directing a verdict against plaintiff on his claim of repudiation and directing a verdict for defendants on their counterclaim for breach of the covenant to erect a building. It should be noted that the court did not direct a verdict on the counterclaim. The court did instruct the jury as a matter of law that plaintiff violated the terms of the agreement and left to the jury only the issue of damages. It is plaintiff's position that the evidence established the elements of his claim and entitled him to have the jury decide the fact questions and render verdicts accordingly on the claim and counterclaim.

Plaintiff in his amended complaint alleged that defendants repudiated the agree-

the first year in which real property taxes are levied on the building;

and that the Lessor will pay for the paving and any building extras up to and not exceeding $406.98."

ment on January 28, 1957, when defendant Hirsch met with plaintiff and submitted the addendum. Plaintiff further contends, as he did below, that in any event the letter written by defendant's attorney on February 13, 1957, constituted a repudiation of the agreement.

We have recognized that an action may be maintained for breach of contract based upon the anticipatory repudiation by one of the parties to the contract. Sarle v. School Dist. No. Twenty-Seven of Pima County, 32 Ariz. 96, 255 P. 994. It is well established that in order to constitute an anticipatory breach of contract there must be a positive and unequivocal manifestation on the part of the party allegedly repudiating that he will not render the promised performance when the time fixed for it in the contract arrives. Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166; Salot v. Wershow, 157 Cal.App.2d 352, 320 P.2d 926; Atkinson v. District Bond Co., 5 Cal.App. 2d 738, 43 P.2d 867; Preston v. Love, 240 S.W.2d 486 (Tex.Civ.App.1951); 4 Corbin on Contracts § 973 (1951); 5 Williston on Contracts § 1324 (rev. ed. 1937); Restatement of the Law of Contracts § 318. And as succinctly pointed out in § 319 of the Restatement of the Law of Contracts, the effect of a repudiation is nullified:

"(a) Where statements constituting such a repudiation are withdrawn by information to that effect given by the repudiator to the injured party before he has brought an action on the breach or has otherwise materially changed his position in reliance on them;"

At the conclusion of plaintiff's case the trial judge upon defendants' motion for a directed verdict reviewed the evidence and concluded that there was insufficient evidence to support plaintiff's contention that there had been a repudiation and that if defendants had repudiated, the repudiation had been nullified thereafter.

We have examined the evidence and are of the opinion that the trial court did not err in granting defendants' motion. George Nick Diamos, son of plaintiff, was present at the January 28th conference and testified (plaintiff did not testify) that Hirsch *implied* that he wanted plaintiff to sign the addendum or defendants would not perform. However, this witness, the only witness who testified on behalf of plaintiff on this point, admitted on cross-examination and on re-direct that he couldn't recall what Hirsch said in this respect and further admitted that Hirsch never made a positive statement that defendants would not perform unless plaintiff agreed to the addendum. Viewing this evidence in the light most favorable to plaintiff it is clear that it falls far short of the requisite proof that in order to constitute a breach by anticipa-

tory repudiation there must be a positive and unequivocal refusal to perform.

Plaintiff's further contention that defendants' letter of February 13, 1957, repudiated the agreement is equally without merit. This letter merely clarified defendants' position and expressed their willingness to have plaintiff proceed to erect the building since defendants considered the terms of the agreement as signed binding upon the parties. Nowhere in this letter is there contained any statement which could reasonably be construed to be a positive and unequivocal repudiation of the agreement. In view of our conclusion it is unnecessary to determine whether defendants subsequently nullified the claimed repudiation.

Plaintiff assigns as error the trial court's denial of his motion at the conclusion of the trial to amend the reply to the counterclaim in order to plead mutual abandonment of the agreement and the court's refusal to submit the issue of mutual abandonment by proper instruction to the jury. The trial court was of the opinion that the evidence was not sufficient to support the theory of abandonment of the agreement.

■■ Unquestionably, parties to a contract may abandon or rescind a contract by mutual assent. Reed v. McLaws, 56 Ariz. 556, 110 P.2d 222; Waddell v. White, 51 Ariz. 526, 78 P.2d 490; 2 Black on Rescission and Cancellation § 532 (2nd ed. 1929). In this case the theory of abandonment or rescission is inconsistent with the evidence introduced by both parties. Plaintiff's continuous claim that defendants breached the contract strongly tends to negative any inference that plaintiff considered the agreement abandoned. The evidence throughout indicates that neither party intended to abandon the agreement since each insisted that the other party had breached the agreement. There is no affirmative evidence that either of the parties intended to abandon the agreement. The trial court did not err in denying plaintiff's motion to amend and properly refused to submit the issue of abandonment to the jury.

For the foregoing reasons the judgment of the court below is affirmed.

BERNSTEIN, C. J., and RUSKIN LINES, Superior Court J., concur.