429 P.2d 453

Jeanette M. KLEEB, a widow, Appellant,

v.

Robert W. BURNS, and Robert Hilgenberg, dba Hilgenberg Realty Company, Appellees.

No. 2 CA–CIV 233.

Court of Appeals of Arizona.

June 20, 1967.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

Johnson, Darrow, D'Antonio, Hayes & Morales, by John G. Stompoly, Tucson, for appellee Burns.

Spaid, Fish, Briney & Duffield, by Richard Briney, Tucson, for appellee Hilgenberg.

HATHAWAY, Chief Judge.

Jeanette M. Kleeb, defendant below, has appealed from a judgment against her, awarding the full real estate broker's commission to Robert Hilgenberg dba Hilgenberg Realty Company, and ordering her to return the $1,000 earnest money to the plaintiff, Robert W. Burns. The matter was tried to the court. The trial court found that the commission had been earned in a real estate transaction which was not carried out.

No request was made for the trial court to make findings of fact or conclusions of law, and none were made. Appellant asks that we determine " * * * who breached the contract as a matter of law."

We must determine if the judgment is supported by the evidence applicable to any theory within the issues tried. Of course, the evidence will be viewed most strongly in favor of affirming the judgment. Viewing the evidence accordingly, we find that the appellee, Hilgenberg, acting under a written listing, signed by the appellant, brought the buyer and seller together.

On June 17, 1964, the appellant, Jeanette Kleeb, entered into a "DEPOSIT RECEIPT AND AGREEMENT" to sell a house in Tucson to Robert W. Burns. The pertinent provisions of the agreement provided:

"Closing date—June 23, 1964; possession date—June 24, 1964.

\* \* \* \* \* \*

"Time is of the essence."

On June 23, a meeting relating to the closing of the transaction was held in Mr. Hilgenberg's office. Mrs. Kleeb was on a trip to Guadalajara, Mexico, but her attorney John W. Ross attended the meeting. Others present were Mr. Burns and his attorney J. Mercer Johnson, Mr. Hilgenberg and his secretary, Yvonne Hutchins.

Mr. Johnson stated that the buyer was ready and willing to complete the closing at that time, if the seller, Mrs. Kleeb, could deliver possession on June 24 according to the contract. A discussion ensued relating to Mrs. Kleeb's failure to take steps to remove any of her personal possessions and furnishings from the seven room and two and a half bath home. At this time Mr. Ross stated that he refused to take any responsibility for removing the personal property of Mrs. Kleeb from the premises. Mr. Ross then called his client in Mexico and advised her about the complication. She gave Mr. Ross authority to remove her personal possessions from the home, but left the decision up to him. An impasse developed between the parties and the closing did not take place.

Mrs. Kleeb returned from Mexico at 5 p. m on the 24th of June and went immediately to Mr Hilgenberg's office. Mr. Hilgenberg testified that Mrs. Kleeb told him that she was willing to do anything to complete the transaction that was not taken care of on the 23d. He further testified that he had a mover who would remove all of her property from the premises but that she refused to have this done as it would take "several days" and that "she said it

is impossible to do it [to move the furniture on the 24th] at that time."

Mrs. Kleeb's testimony revealed that she had made no arrangements to have the furnishings removed as disclosed by the following cross-examination:

"Q Was it your intention then not to make any plans to move until the closing actually had occurred on the 23d \* \* \*?

"A Yes. I had to wait until the closing took place."

Yvonne Hutchins, Mr. Hilgenberg's secretary, testified that in talking to Mrs. Kleeb on the 24th of June, after her arrival from Mexico:

"She [Mrs. Kleeb] said it would take about three days just packing her China alone and she couldn't do it at this time."

The buyer's attorney delivered a letter on June 24 to both Mr. Ross and the Hilgenberg Realty offering to complete the agreement on June 24. Mr. Johnson received a telephone call from Mr. Hilgenberg at his home on the evening of June 24 informing him that Mrs. Kleeb could deliver possession of the premises on June 26. Mr. Johnson later received a letter written by Mr. Ross dated June 24 and addressed to the Arizona Land Title and Trust Company which reads:

"It is our feeling that after closing of the sale Mrs. Kleeb would be entitled to a reasonable time within which to remove her personal property. With the cooperation of the buyer this removal should be accomplished within a very few days."

For no explained reason the buyer did not agree to this proposal, and the real estate transaction was not carried out.

The buyer brought an action against the seller and the real estate broker to rescind the contract, alleging breach by the seller, and sought to recover the $1,000 earnest money deposit. The seller counterclaimed, contending that the buyer had breached the contract and had thereby forfeited the deposit. She also cross-claimed against the real estate broker claiming that the broker

was entitled to a commission of only one half of the earnest money and that she, the seller, was entitled to the other half, as provided in the deposit forfeiture clause of the contract. The broker cross-claimed against the seller for his commission, alleging breach of contract by the seller.

■ We believe that the evidence shows that Mrs. Kleeb anticipatorily breached the contract by putting herself in a position making it impossible for her to deliver possession of the premises on June 24. Time being of the essence of the contract, delivery of possession was required of her on the date to fulfill the performance required of her under the contract.

■ It is clearly the law that a party to a contract need not perform where his performance would be useless in the face of the opposite party's manifesting his inability to perform his part of the agreement.

"No performance, tender, or demand on the part of the purchaser is necessary where the vendor is clearly unable to perform his part of the contract, within the time specified therein * * *."

92 C.J.S. Vendor and Purchaser § 580g, p. 623.

■ In Diamos v. Hirsch, 91 Ariz. 304, 307, 372 P.2d 76, 78 (1962), our Supreme Court

" * * * recognized that an action may be maintained for breach of contract based upon the anticipatory repudiation by one of the parties to the contract. Sarle v. School Dist. No. Twenty-Seven of Pima County, 32 Ariz. 96, 255 P. 994 [1927]. It is well established that in order to constitute an anticipatory breach of contract there must be a positive and unequivocal manifestation on the part of the party allegedly repudiating that he will not render the promised performance when the time fixed for it in the contract arrives."

See also Siegal v. Haver, 4 Ariz.App. 119, 417 P.2d 928 (1966); and, Kammert Brothers Enterprises, Inc. v. Tanque Verde Plaza Co., 102 Ariz. 301, 428 P.2d 678 (Filed June 8, 1967, No. 8110–PR).

From the above facts the trial court could have reasonably concluded that Mrs. Kleeb had put herself in such a position that it would have been impossible for her to perform her part of the agreement (delivering possession on June 24). As noted, Mrs. Kleeb herself made it known that it would be impossible for her to remove her possessions in such a short time on the 24th of June and that she did not intend to remove them until the closing had been completed.

For the foregoing reasons the judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.