496 P.2d 616

**E. W. McMAHON, Appellant,**

v.

**FIBERGLASS FABRICATORS, INC., a corporation, et al., Appellees.**

**No. 1 CA–CIV 1715.**

Court of Appeals of Arizona, Division 1.

May 2, 1972.

As Corrected June 9, 1972.

a $1,000 deposit he had made as partial payment of the purchase price of two station-wagon campers which he had orally agreed to purchase from appellee, Fiberglass Fabricators, Inc. (one of the defendants below). On August 4, 1966, this money was transmitted to Fiberglass with a cover letter confirming a verbal agreement to purchase the merchandise via telephone conversation with appellee Raben, sales manager for Fiberglass and another defendant below.

The check was accepted and plaintiff was informed by a letter from Raben that the campers would be shipped shortly. About the time the campers were to be shipped, plaintiff sent a telegram during the first week of October, stating:

"Do not ship. Letter will follow."

Fiberglass, in compliance with the telegram, did not ship the campers. There was no further contact between the parties until the plaintiff wrote to the defendant on January 24, 1967. This letter acknowledged the sending of the telegram and attempted to explain the plaintiff's reason for sending it. No reference was made to the $1,000 but the letter stated:

"Hold the two units I have on order until I have enough for a load. Or, if [you] should have a partial load for the North, then maybe I will have enough cash to lift them.

Please answer as soon as you can."

In response to this letter, the executive vice-president of Fiberglass wrote to the plaintiff informing him that defendant Raben, to whom the plaintiff's letter had been addressed, was out of the office. The letter stated:

"[W]e can certainly appreciate your position."

and

"If you need any additional information or if we can be of any further help to you, please do not hesitate to call on us."

Thereafter no further contact was had between the parties until the plaintiff sent

Wilson, McConnell & Moroney, P. C., by William T. Moroney and Terry B. Kiser, Phoenix, for appellant.

Kanne & Bickart, by Allen B. Bickart, Phoenix, for appellees.

HATHAWAY, Judge.

Appellant (plaintiff below) commenced an action on December 30, 1969, to recover

**192**

a letter on March 16, 1969, to Fiberglass (Attn: Mr. Raben) asking for return of the $1,000. He explained that he still had stock and that when he had asked that shipment be delayed, he did not ask that the money be returned immediately, "Because I thought I would be sending in another order soon." Fiberglass responded by letter immediately, informing plaintiff that Raben was no longer employed by it and that Fiberglass had sold its camper division. When Fiberglass failed to return his money, the instant lawsuit was filed.

As one defense, the bar of the three-year statute of limitations was asserted. As to the individual defendants, the position was taken that Mr. Raben at all times was acting as the agent of Fiberglass and therefore there was no personal liability. The case was tried to the court sitting without a jury. Numerous documentary exhibits were introduced into evidence and at the conclusion of the plaintiff's case, a motion to dismiss as to the defendants Raben was granted. At the conclusion of the entire case, the parties agreed that the only issue to be resolved by the court was whether the limitation period had run. In other words, as the trial court stated:

"If the Statute of Limitations applies the plaintiff is out."

and

"If it doesn't apply the plaintiff is in all the way."

Findings of fact and conclusions of law were made by the court and in accordance therewith judgment was entered in favor of all the defendants.

The court expressly found that the plaintiff, by his own actions, had prevented the completion of the purchase agreement by sending a telegram in the first week of October, 1966, and that he did not commence his action to recover the down payment within three years from the date the telegram was sent. The court concluded that the plaintiff, by his own conduct, had breached the purchase agreement in the first week of October, 1966, and that A.R.

S. § 12–543, subsec. 1 (1956) barred his recovery.

Appellate review of a trial court's findings of fact is limited to a determination of whether such findings are "clearly erroneous." Ariz.R.Civ.P. 52(a), 16 A.R.S. Where the trial court's finding is induced by an erroneous view of the law, such finding is "clearly erroneous" within this rule. Merryweather v. Pendleton, 91 Ariz. 334, 372 P.2d 335 (1962); Tuab Mineral Corp. v. Anderson, 3 Ariz.App. 512, 415 P. 2d 910 (1966). We are of the opinion that the trial court's finding that the plaintiff had repudiated the contract in October, 1966, is clearly erroneous. In order to find a breach of contract, there must be a positive and unequivocal manifestation on the part of the repudiating party that he will not render the required performance when it is due. Kammert Bros. Enterprises, Inc. v. Tanque Verde Plaza Co., 102 Ariz. 301, 428 P.2d 678 (1967); Kleeb v. Burns, 5 Ariz.App. 566, 429 P.2d 453 (1967). A statement by a party to a contract merely implying that he will not perform is not the equivalent of a positive and unequivocal refusal to perform. Diamos v. Hirsch, 91 Ariz. 304, 372 P.2d 76 (1962). We are unable to say that an instruction not to ship, without more, indicates a positive refusal to go through with the purchase of the two campers. Therefore the October 1966, telegram did not constitute an anticipatory repudiation. Although the letter of January 1967, sent by the plaintiff to Fiberglass manifests a willingness to perform at a future date, if we were to assume otherwise and treat it as a repudiation, the instant lawsuit filed December 30, 1969, would not be barred by limitation. We hold, therefore, that the action was not barred and plaintiff was entitled to recover against Fiberglass.

As to the defendants Raben, however, the motion to dismiss was properly granted. Plaintiff's own testimony was to the effect that throughout his dealing with Raben, the latter acted as the agent for Fiberglass, the principal. Since there was

sufficient evidence from which the trial judge could find that the plaintiffs knew of Raben's agency and that he had not individually undertaken the contractual obligation, we defer to his ruling. Myers-Leiber Sign Co. v. Weirich, 2 Ariz.App. 534, 410 P.2d 491 (1966).

The judgment is affirmed as to defendants Raben and·reversed as to Fiberglass with directions to enter judgment in favor of the plaintiff not inconsistent with this opinion.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.