10-2545-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand eleven,

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                    *Circuit Judges*.

---

IN RE: WORLDCOM, INC.

PARUS HOLDINGS, INC., as successor-by-merger to
EFFECTNET, INC. and EFFECTNET, LLC.,

                    *Claimant-Appellant*,

             -v-                                    10-2545-cv

WORLDCOM, INC.

                    *Debtor-Appellee*.

---

Appearing for Appellant:     Steve Szczepanski, Foley & Lardner, LLP, Chicago, Ill. (David B. Goroff, Mary Jo Boldingh, *on the brief*).

Appearing for Appellee:     Mark M. Iba, Stinson Morrison Hecker LLP, Kansas City, Mo.
                            (Allison M. Murdock, Angela G. Nichols, *on the brief*).

Appeal from the United States District Court for the Southern District of New York
(Jones, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Parus Holdings, Inc., as successor-by-merger to EffectNet, Inc. and EffectNet, LLC.
(together, "EffectNet"), seeks review of the May 25, 2010 order of the United States District
Court for the Southern District of New York (Jones, *J.*).  The May 25, 2010 order affirmed an
order of the United States Bankruptcy Court for the Southern District of New York (Gonzalez,
*J.*) granting Worldcom Inc. summary judgment.  On appeal, EffectNet argues the courts below
erred in affirming (1) the limitation of its claims for damages for breach of contract, and (2)
dismissing EffectNet's claim for breach of the implied covenant of good faith and fair dealing.
We assume the parties' familiarity with the underlying facts, procedural history, and
specification of issues for review.

The courts below properly determined that EffectNet's decision to terminate the
agreement between the parties (the "Agreement") is fatal to its claims for "benefit of the
bargain" damages, by which it means profits it would have earned had the Agreement not been
terminated early.  As set forth in Section 5.3 of the Agreement, on termination "for any reason,
each Party shall remain liable for those obligations that accrued prior to the date of such
termination; provided, however, that nothing herein shall be construed to obligate EffectNet to
offer Services to Intermedia after the termination of this Agreement."  As the plain language of
Section 5.3 makes clear, the effect of termination, "for any reason," limits the obligations of the
parties to those that "accrued prior to the date of such termination."  The district court thus
correctly concluded that EffectNet is not entitled to recover "benefit of the bargain" damages
based on a material breach of contract for the anticipated term of the contract absent early
termination.  The same language limiting the parties' obligations is also fatal to EffectNet's
claims for breach of the implied covenant of good faith and fair dealing.

Moreover, the courts below properly decided that EffectNet failed to raise a question of
material fact as to it's claim that there was an anticipatory breach.  Under Arizona law - which
applies here pursuant to the Agreement -  "[i]t is well established that in order to constitute an
anticipatory breach of contract there must be a positive and unequivocal manifestation on the
part of the party allegedly repudiating that he will not render the promised performance when the
time fixed for it in the contract arrives." *Diamos v. Hirsch*, 372 P.2d 76, 78 (Ariz. 1962).  The
record reflects no such "positive and unequivocal manifestation" of future nonperformance,
particularly in light of the discretion granted to Intermedia by Section 1.1 of the Agreement to
"market [the services in question] to [its] customers and users *as it sees fit*."  (emphasis added).

2

We have considered the remainder of EffectNet's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk