275 P.3d 607

**Ralph THOMAS and Carolee Thomas, husband and wife, Plaintiffs/Appellees,**

v.

**MONTELUCIA VILLAS, LLC, a Delaware limited liability company, Defendant/Appellant.**

No. 1 CA–CV 10–0761.

Court of Appeals of Arizona, Division 1, Department D.

March 27, 2012.

Lake & Cobb, P.L.C. By Joel E. Sannes and Kiel S. Berry, Tempe, Attorneys for Defendant/Appellant.

Beus Gilbert PLLC By Franklyn D. Jeans, Cory L. Broadbent and Cassandra H. Ayres, Scottsdale, Attorneys for Plaintiffs/Appellees.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 Montelucia Villas, L.L.C. (Montelucia) appeals the trial court's grant of summary judgment in favor of plaintiffs Ralph and Carolee Thomas (the Thomases). For the reasons that follow, we reverse and remand for entry of judgment in favor of Montelucia on its cross-motion for summary judgment.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In January 2006, the Thomases entered into an agreement with Montelucia Villas, L.L.C., to buy a new luxury villa residence in the Villas at the Intercontinental Montelucia Resort & Spa resort community in Paradise Valley. The purchase price of the villa was $3,295,000, not including upgrades. The purchase agreement required the Thomases to pay a total of $659,000 in earnest money deposits at three different stages of the villa's construction. The balance of the purchase price was due on or before closing. The purchase agreement further provided, in relevant part:

12. *Defaults and Remedies.*

. . .

Subject to the terms and provisions of Section 6 for defective title, if Seller otherwise fails to comply substantially with the terms and conditions of this Agreement prior to the Closing and if Buyer shall have complied with all its obligations hereunder, Buyer shall be entitled to deliver to Escrow Agent and Seller a written notice detailing the default of Seller. Seller shall have twenty (20) days from the receipt of such notice within which to remedy the default, except that if the required performance cannot reasonably be completed by Seller within said twenty (20) days, then Seller shall have a reasonable time, not to exceed sixty (60) days, within which to remedy the default. If Seller has not remedied the default within the time provided in the preceding sentence, Buyer, as its sole remedy, may cancel this Agreement and receive a refund of its Deposit(s). Buyer hereby expressly waives any other rights and remedies it may have at law or in equity.

¶ 3 On April 25, 2008, Montelucia sent the Thomases a letter setting the closing date on the villa for May 16, 2008. The Thomases notified Montelucia in a letter dated May 6, 2008 that they would not go through with the sale, claiming, inter alia, that no certificate of occupancy had been issued by Paradise Valley for the Thomases' villa. The letter requested Montelucia to instruct the title company to return their earnest money deposit. Montelucia refused to return the earnest money. The Thomases filed a complaint in superior court in February 2009, alleging breach of contract, breach of the covenant of good faith and fair dealing, and also alleging that Montelucia violated its statutory obligations under Arizona law. In its answer and counterclaim, Montelucia alleged that the Thomases breached the purchase agreement by failing to close, and asked the trial court to compel the Thomases to perform by closing on the home.

¶ 4 The Thomases filed a motion for summary judgment and Montelucia filed a cross-motion for summary judgment. After hearing oral argument, the trial court entered an order granting the Thomases' motion for summary judgment and denying Montelucia's cross-motion for summary judgment. The court found that Montelucia breached the purchase agreement 1) by failing to complete the resort's infrastructure and access and

amenities; 2) by "failing to complete and have available at closing certain Ownership Privileges, as described in Plaintiffs' Complaint and Motion for Summary Judgment"; and 3) by representing that the Thomases would be able to occupy the villa at the close of escrow but failing to obtain the necessary certification from the town of Paradise Valley by the date set for close of escrow. The trial court found that the Thomases were entitled to a refund of the $659,000.00 they paid in earnest money, plus statutory interest, and awarded the Thomases their attorneys' fees and costs. Montelucia timely appealed.[1]

## DISCUSSION

¶ 5 Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c)(1). We review the grant of summary judgment de novo to determine whether any genuine issue of material fact exists, and we view the evidence and all reasonable inferences in favor of the nonmoving party. *Chalpin v. Snyder*, 220 Ariz. 413, 418, ¶ 17, 207 P.3d 666, 671 (App.2008) (citation omitted). Summary judgment should be granted "if the facts produced in support of [a] claim ... have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim...." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

■ ¶ 6 "An anticipatory repudiation is a breach of contract giving rise to a claim for damages and also excusing the necessity for the non-breaching party to tender performance." *United California Bank v. Prudential Ins. Co.*, 140 Ariz. 238, 283, 681 P.2d 390, 435 (App.1983) (citing *Kammert Bros. Enters., Inc. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 428 P.2d 678 (1967); 2 *Restatement (Second) of Contracts* § 277 (1981); 4 *Corbin on Contracts* § 977 (1951)). The repudiating party "is not entitled to demand performance

from the innocent party ...." *United Cal. Bank*, 140 Ariz. at 283, 681 P.2d at 435.

■ ¶ 7 In this case, the Thomases' May 6, 2008 letter clearly stated that they were "terminating the [a]greement" and demanded the return of their earnest money. "[B]efore an anticipatory repudiation will be found, there must be a 'positive and unequivocal manifestation on the part of the repudiating party that he will not render the required performance when it is due.'" *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 186, 680 P.2d 1235, 1247 (App.1984) (quoting *McMahon v. Fiberglass Fabricators, Inc.*, 17 Ariz.App. 190, 192, 496 P.2d 616, 618 (1972)). The May 6 letter unequivocally stated that the Thomases were cancelling the purchase agreement as of May 6, 2008. Thus, the letter constituted an anticipatory repudiation of the purchase agreement. At the time of the May 6 letter, Montelucia had not breached the purchase agreement; it still had until the May 16, 2008 closing date to perform its obligations under the contract. The time for Montelucia's performance had not yet arisen. *See United Cal. Bank*, 140 Ariz. at 277, 681 P.2d at 429 ("Generally, a contract cannot be breached until the date the duty of performance arrives.").

■ ¶ 8 The parties dispute whether Montelucia was willing and able to perform under the contract. The law does not require the non-breaching party to prove it was able to perform, however, unless it is seeking damages.[2] *Id.* at 283–84, 681 P.2d 390 at 435–36 ("[T]o recover damages for anticipatory breach, the injured party need only show that he had the ability to perform his own obligations under the agreement. *Woliansky v. Miller*, 135 Ariz. 444, 661 P.2d 1145 (App.1983)."). This appeal concerns only Montelucia's defense to the Thomases' claim for damages, not a claim by Montelucia for any affirmative relief.

¶ 9 In *United Cal. Bank*, Prudential Insurance Company (Prudential) was a commercial

---

1. This appeal, however, does not implicate Montelucia's counterclaim.

2. A party seeking equitable relief such as specific performance must also show an ability to per-

form. *See, e.g., Lee v. Nichols*, 81 Ariz. 106, 111–12, 301 P.2d 1022, 1025 (1956). No issue as to Montelucia's counterclaim is before us.

lender and the intended "take-out" lender for the construction of the Hyatt Regency Hotel in downtown Phoenix. 140 Ariz. at 246, 681 P.2d at 398. Prudential had agreements with the developer of the hotel, HRP Hotel Company (HRP), and with United California Bank (UCB), another lender, when it refused to fund the permanent loan for the hotel. *Id.* UCB and HRP sued Prudential on its obligation to fund the loan, and a jury found Prudential liable and awarded the developer HRP over ten million dollars in damages, plus attorneys' fees. *Id.* The jury awarded UCB nominal damages of one dollar, plus its attorneys' fees. *Id.*

¶ 10 In discussing the law of anticipatory repudiation, we opined that the non-breaching parties (UCB and HRP) needed to show " 'that [they] would have been ready and willing to have performed the contract, if the repudiation had not occurred.' " *Id.* at 289, 681 P.2d at 441 (quoting *Petersen v. Wellsville City*, 14 F.2d 38, 39 (8th Cir.1926)). We wrote that HRP and UCB need not "go to the substantial expense of concluding preparations or to tender performance. All HRP and UCB needed to do was demonstrate to the jury that they had the ability to fulfill their commitment letter obligations in February 1977. This they proved to the jury's satisfaction." *Id.* at 289, 681 P.2d at 441. It is key that in *United California Bank*, HRP and UCB were the plaintiffs seeking damages. *Id.* at 246, 681 P.2d at 398. To be awarded damages as plaintiffs, HRP and UCB had to show that they were ready and willing to have performed the contract. *Id.* at 288–89, 681 P.2d at 440–41. Otherwise they would not have been injured by Prudential's repudiation of the contract. *See Gray v. Smith*, 76 F. 525, 536 (C.C.N.D.Cal.1896) (a plaintiff who is not prepared to perform under the contract cannot show that he suffered loss by the other party's repudiation); *Gerli v. Poidebard Silk Mfg. Co.*, 57 N.J.L. 432, 31 A. 401, 403 (N.J.Err. & App.1894) (plaintiff seller who could not have delivered the commodity on the date due under the contract suffered no loss from buyer's repudiation). In this case,

Montelucia was the defendant and was not required to show that it was able to perform. Once the Thomases repudiated the contract, Montelucia was no longer obligated to do anything more in furtherance of the contract. *See Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 139 (Tex.App.2000) ("injured party is discharged from its remaining duties to perform under a contract where the other party repudiates its contractual duty before the time for performance"); *see also* A.R.S. § 47–2610 (2005) (upon anticipatory repudiation, non-breaching party may suspend his own performance). Had the Thomases wanted Montelucia to remedy its alleged deficiencies, section twelve of the purchase agreement provided the proper course of action: notify Montelucia in writing of its failure to substantially comply with the purchase agreement and give Montelucia either twenty or sixty days to cure the deficiency.[3]

¶ 11 The Thomases argue that their letter was authorized by section twelve of the agreement, which provides that the buyers could alert the sellers of deficiencies in the latter's performance before closing. Section twelve does not, however, authorize the buyers to unilaterally terminate the contract. The May 6 letter unequivocally repudiated the contract, and informed Montelucia that the Thomases refused to perform it. The Thomases thus were in breach. *See Rancho Pescado*, 140 Ariz. at 186, 680 P.2d at 1247 (notwithstanding mention of the contractual cure provision, letter unequivocally terminating agreement was anticipatory repudiation).

## Attorneys' Fees

¶ 12 Both sides request an award of attorneys' fees on appeal pursuant to the agreement and A.R.S. § 12–341.01. Montelucia also requests attorneys' fees in connection with the action in the trial court. We defer the issue of attorneys' fees incurred here and below to the trial court to determine after final judgment in this case.

---

**3.** The Uniform Commercial Code also addresses the situation of a party with "reasonable grounds for insecurity" concerning the other party's ability to perform, and provides for a written demand for "adequate assurance of due performance...." A.R.S. § 47–2609 (2005).

## CONCLUSION

¶ 13 For the foregoing reasons, we reverse the grant of summary judgment and the award of attorneys' fees and costs in favor of the Thomases, and remand to the trial court for entry of judgment in favor of Montelucia on its cross-motion for summary judgment as to the Thomases' claims.

CONCURRING: MAURICE PORTLEY, and JOHN C. GEMMILL, Judges.